RUBERG v. BROWN.

1. COMPLAINT—PLEADING—AMENDMENT.—A complaint which has been held not to state a cause of action, may be amended by leave of Court when the defect consists in a faulty statement and not in an entire absence of any cause of action.

2. IBID.—IBID.—IBID.—APPEAL.—An objection to an order permitting plaintiff to amend his complaint without qualification or limitation, is waived by answering amended complaint, without objection in this regard, or motion to correct.

3. DAMAGES—FRAUD — MISREPRESENTATION. — False expressions of opinion by one possessing special knowledge concerning the subject of the contract, which, the other party ignorant on the subject and without equal means of information, relies on to his injury, may be actionable for fraud.

Before EARLE, J., Barnwell, November, 1896.   Affirmed.

Action by Theo. Ruberg against Simon Brown, for damages for falsely representing certain lands in Barnwell County to be of equal value to property in Chicago, exchanged by Ruberg with Brown for the Barnwell lands. Defendant demurred, because complaint did not state cause of action.   Demurrer sustained, but plaintiff allowed to amend.   Defendant appeals.

*Messrs. Robert Aldrich* and *Bellinger, Townsend & O'Bannon,* for appellant, cite: *What misrepresentations actionable:* 37 N. E., 819; 2 Allen, 212; 29 At. R., 367;

105 U. S., 553; 2 E. D. Smith, 424; 11 Mich., 68. *Representations as to value not actionable:* 102 Mass., 217; 114 Mass., 99; 11 Cush., 348; 58 Me., 49; 60 Me., 578; 93 Ind., 472; 80 Ind., 472; 77 Ind., 494; 70 Ind., 524; 31 Ind., 13; 3 Tenn., 51; 2 East, 92; 63 N. C., 305; 119 Ill., 567; 2 Ired., 32; 2 Day, 128; 20 Ga., 654; 50 Ala., 437; 56 N. Y., 83; 19 Ark., 522; 33 N. J. L., 513; 26 S. C., 275; 35 Mich., 351; 24 S. E. R., 319; 34 N. E. R., 627. *Complaint not stating cause of action cannot be amended:* 32 S. C., 142; 21 S. C., 240.

*Mr. Jas. E. Davis*, contra, cites: *Amendments:* Code, 194; 18 S. C., 305; 26 S. C., 99; 31 ,S. C., 338; 16 S. C., 231; 20 S. C., 465.

Sept. 24, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. A demurrer to the complaint in this case having been sustained on the ground that it did not state facts sufficient to constitute a cause of action, the Circuit Court granted leave to plaintiff to serve an amended complaint. This is an appeal by defendant from so much of the order as grants leave to amend.

The Code does not authorize the substitution of a new cause of action by way of amendment. *Lilly* v. *R. R. Co.*, 32 S. C., 142; *Kennerty* v. *Etiwan Phosphate Co.*, 21 S. C., 240; but in its desire that causes shall be tried on their merits, it gives very large powers of amendment, and the exercise of this power is discretionary, and will not be interfered with by this Court except for abuse of discretion—*Heyward* v. *Williams*, 48 S. C., 564; and this is true even where amendments are permitted after sustaining demurrer that the complaint states no cause of action. *Trumbo* v. *Finley*, 18 S. C., 305. The case of *Harvey* v. *Hackney*, 35 S. C., 361, rules that a complaint which has been held not to state a cause of action may nevertheless be amended by leave of Court, where the defect consists in a faulty statement and not in an entire absence of any cause of action. This is manifest by the express language

of section 194 of the Code, which gives the Court power before or after judgment to amend any pleading *inter alia*, "by inserting *other* allegations *material* to the case."

It becomes necessary to determine in this case whether the complaint is beyond the Court's power 'of amendment. The complaint is as follows: "1. That at the times hereinafter mentioned, the plaintiff was a citizen of the city of Chicago, in the State of Illinois, and was the owner of valuable property in the said city of the value of $10,000, situate on a fashionable avenue in said city, and the rental value of said property was from $150 to $200 per month. 2. That the defendant, on or about the     day of January, 1895, procured the services of a real estate agent in said city to trade with the plaintiff [for] the said property, and represented to said plaintiff that the defendant would exchange two valuable plantations situate in the county and State above named for said city property. 3. That said plaintiff is in bad health, and it was known to the defendant that he desired to move south, and would be willing to exchange said property as aforesaid for property of equal value in the county and State above named, and believing in the sincerity and honesty of the defendant, he gave defendant a deed to said property, and the defendant gave plaintiff deeds to two tracts of land situate in said county, which he represented as being worth in value the same as plaintiff's property. 4. That said representation on the part of the defendant was absolutely false, the property being almost worthless, not exceeding in value more than $1,000, and he knew at the time said trade was made, and purposely combined with his said agent to swindle and defraud said plaintiff to the damage of the plaintiff $9,000."

Defendants demurred to this complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that it does not allege any misrepresentation of any material fact, a representation as to value being a mere expression of opinion; nor that the false representation alleged in the complaint was made by defendant to plaintiff

as an inducement for him to enter into the alleged contract of exchange; nor that the plaintiff relied upon said alleged false representation in entering into the alleged contract; nor that the plaintiff believed said false representation to be true; nor that the alleged false representation was calculated to induce, and actually did induce, the plaintiff to make the alleged exchange of property.

The demurrer was sustained, and leave to amend granted without specifying in what particulars, except as might be inferred from the grounds of defects specified in the demurrer. One of appellant's grounds of appeal alleges error in granting leave to amend without any qualification or limitation as to the character of the amendments. This objection, if otherwise tenable, we think appellant has waived by answering the amended complaint without objections in this regard or motion to correct.

The real question in the case is presented in the first exception, alleging error in permitting the amendment, "in that the only representation alleged in the complaint to have been made by the defendant being as to the value of the property exchanged, a mere matter of opinion, which could not be made the foundation of an action for damages, there was an entire absence of any statement of the essential fact (a misrepresentation which could be made the foundation of an action for damages), which alone could give a cause of action; and there was no allegation which even tended to show that the plaintiff had any cause of action whatever." The general rule undoubtedly is that mere expressions of matters of opinion, however erroneous or false, will not support an action for misrepresentation, and that statements, as to the value of a thing sold, are generally mere expressions of opinion, come within the rule. Cooley on Torts, 483; 3 Sutherland on Damages, 584; 5 A. & E. Enc. Law, 324. See *Fraser* v. *Harvey*, 2 Bailey, 270; *Means* v. *Brickell*, 2 Hill, 320; *Rupart* v. *Dunn*, 1 Rich., 105; *Lebby* v. *Ahrens*, 26 S. C., 282. In *Rupart* v. *Dunn, supra,* Judge Wardlaw expresses the rule and the

reason upon which it is based thus: "The law abhors fraud, but it enforces contracts against those who lose by them, no less than against those who gain. It expects care and prudence from contracting parties, and has regard to the selfish nature of man, which prompts the seller to praise and the buyer to depreciate the subject of bargain. It would itself become the instrument of fraud, if it should permit a party, who has been disappointed of his anticipated profits, to evade the performance of his agreement upon trivial and slight proof. When the buyer, without adequate means for forming his own judgment, relies upon the representations of the seller, then these representations must be fair and full. Where the material facts are such as, from his situation, may well be presumed to be within the knowledge of the seller, then misrepresentation of such facts through fraud or mistake, by which the buyer is misled, will form just grounds of complaint by the buyer. But as to matters of opinion, upon which a prudent man does not take the opinions of the seller, even falsehood spoken by the seller will not vitiate a contract; nor will such falsehood, as to matters of fact, not presumed to be peculiarly known to the seller, upon which the buyer has the means of exercising his own judgment, unless it be such as is calculated to lull the suspicions of a careful man." Common prudence dictates that reliance be not placed by the buyer on the seller's opinion or estimate of value concerning the property offered for sale, just as the seller is not expected to be influenced by the opinion of the buyer as to the value of the thing desired to be bought. The claims of commerce, within reasonable limits, must be considered along with the claims of conscience. Hence, to entitle one to relief for false representation, the misrepresentation must relate to some material fact, past or existing, concerning the subject of the contract, within the range of knowledge, as distinguished from matters of mere belief or opinion, uncertain and conjectural, upon which reliance has been placed with resulting damage, when the complaining party did not deal upon equal

26—50

terms and with equal means of information. False expressions of opinion by one possessing special knowledge concerning the subject of the contract, which the other party, ignorant on the subject and with unequal means of information, relies on to his injury, may be actionable for fraud. If a party's situation, with reference to property contracted for, is such that he cannot fairly and reasonably exercise his own judgment in reference thereto, he is not a dealer on equal terms, and he has a right to rely on the representations of value by the seller made to induce the purchase. Hence the situation, condition, and nature of the property and the position or relation of the contracting parties with reference to it, are matters to be considered in determining whether the parties dealt with equal means of information. See note to Wood's edition of Addison on Torts, 2 vol., 422. In the case at bar, the complainant was, we infer from the complaint, in a distant State at the time of the contract, in bad health, and desirous of moving south, with little or no knowledge of the land in South Carolina, sought to be exchanged for the Chicago property, in a position where he would necessarily be compelled to rely upon opinions or information derived from others so situated, and believing in the sincerity and honesty of the defendant, who represented the Barnwell property to be of the same value as the Chicago property, which latter, according to the complaint, was worth $10,000, and with a rental value of $150 to $200 per month, he exchanged the Chicago property for the Barnwell property, which turned out to be worth not exceeding $1,000; and it is charged in the complaint, and admitted by the demurrer, that defendant *knew* his representations of value were false. It is conceded that the complaint was faulty in its statement of a cause of action, but we do not think it can be said that it contained no allegation which tended to show the existence of a cause of action which could not be perfected by amendment. It may be that the expression of opinion was made in connection with a statement of material

facts constituting elements which go to make land valuable as a basis for the opinion, in which case the complaint is amendable, so as to insert allegations of the state of such material facts. Besides, if defendant represented that the Barnwell property had a *rental value* equal to the Chicago property, this was more than a matter of mere opinion, because such a statement implies knowledge on the part of the landlord, based upon his familiarity and experience with the property.

It would be improper for us to express any opinion as to the merits of the case at this stage. We only mean now to affirm that the Circuit Court committed no abuse of discretion in permitting plaintiff to amend his complaint.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE POPE did not sit in this case.