10197

PINCKNEY *ET AL.* v. KNOWLES *ET AL.*

(99 S. E. 354.)

1. TRIAL—NONSUIT—EVIDENCE.—Where there is any evidence of any material fact alleged necessary to make out a *prima facie* case, nonsuit is improper, and case should be submitted to jury for determination.

2. LANDLORD AND TENANT—ADVERSE CLAIM BY TENANT.—A tenant, desiring to set up claim to land, is bound *bona fide* to give up his possession and recover on the strength of his title.

3. DESCENT AND DISTRIBUTION—TITLE OF HEIRS—PRESUMPTIONS.—Proof of death of owner of land raises presumption that land descended to his heirs at law; such presumption not being overcome by evidence that he left a will, in absence of evidence as to how land was devised thereby.

4. DESCENT AND DISTRIBUTION—HEIRS—TITLE TO PROPERTY—PRIMA FACIE CASE.—In action for recovery of real property, proof that plaintiffs were heirs at law of former owner, under whom both plaintiffs and defendants claimed, that owner has died, and that he had title to the land at the time of his death, *prima facie* establishes plaintiffs' title to the land.

5. COSTS—APPEAL—FAILURE TO COMPLY WITH RULES.—Appellant, who has not complied with rules of Court, will not be awarded costs or disbursements upon appeal, though order appealed from is reversed.

Before PEURIFOY, J., Jasper, Summer term, 1917. Reversed.

Action by Leonora C. Pinckney and another against Edward Knowles and another. Judgment of nonsuit, and plaintiffs appeal.

*Messrs H. Klugh Purdy, W. N. Heyward,* for appellant, cite: *As to error in granting a nonsuit:* Greenleaf on Evidence, section 300 (13 Ed.); Code of Civil Procedure, sec. 331; Elliott 3d 558, 559, 597, 526; 1st Bailey Law, p. 39; 23 S. C. 96; 2 Rich. Law, p. 481; 33 S. C. 1, 89; Code of Civil Procedure, sec. 131; 74 S. C. 298, 300; 24 Stat. 130.

*Messrs. John P. Wise* and *George Warren,* for respondent (oral argument).

April 30, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for recovery of real property in Jasper county, and at the trial resulted in a nonsuit granted by his Honor, Judge Peurifoy, on defendant's motion.

The plaintiffs and defendants admit that both claim from a common source, to wit: Abram Huguenin. The defense was a general denial to claim of plaintiffs and further defense that the defendants had been in possession under claim of title by written instrument for more than 20 years, and that neither plaintiffs nor predecessors have been in possession for over 20 years and statute of limitation. The plaintiff appealed on the following ground:

"The plaintiffs appealed from the order of Judge Peurifoy on the ground that his Honor was in error in holding as follows, to wit: 'I don't think that the testimony connects the plaintiffs with the common source, and the testimony of Mrs. Pinckney to the effect that her husband left a will, and there is no testimony then to show that eiher she or her coplaintiff have any title to the land.' Whereas, he should have held that the plaintiffs had connected themselves with the common source, and hence his heirs at law, in whom, upon the death of Abram Huguenin, vested the title to the premises in question, and since his death by mesne conveyance, are now the owners of the whole title."

Wherever there is any evidence of any material fact alleged necessary to make out a *prima facie* case, nonsuit is improper, and a case sould be submitted to jury for determination. The evidence before his Honor shows that both parties claim from a common source. By this admission the identity of the land sued for is fixed, and plaintiffs are absolved from proving any other title; the question then being, Which has the better title from the common source? The title then can be proved by deed, descent, or devise. There is no question in the case but that Abram Huguenin, the common source, did own the land in dispute. There is evidence that Huguenin is dead, leaving a widow, the plaintiff, Mrs. Pinckney, and he left several children, among whom is her coplaintiff, Edward P. Huguenin. Deeds were introduced in evidence from other children, conveying their interests to the plaintiffs. A lease was

introduced from Abram Huguenin, the common source, to the defendant, E. S. Knowles, of the land and premises described in the complaint. This lease was for the term of five years, commencing January 1, 1880. Knowles was the tenant of Huguenin under this lease until December 31, 1884. Huguenin died February 11, 1885, survived by widow and the cihldren named by her in her evidence. If Huguenin left no will, then the land descended to his widow and children. We find Knowles going into possession of the land in dispute as a tenant of Huguenin. From the evidence as developed in this case, the only possession he ever acquired was under this lease. That is the only proof of defendant's possession before the Court when nonsuit was granted.

Defendant makes no effort to explain his possession after lease terminated, if it ever terminated. In the case of *McCutchen v. McCutchen,* 77 S. C., pages 138, 139, 57 S. E. 678, 12 L. R. A. (N. S.) 1140, Justice Gary (now Chief Justice) has fully stated the general rule as to how one going into possession of land under permission of owner may show title in himself. When Knowles went in as a tenant of Huguenin and desired to set up claim to land, he was bound *bona fide* to give up possession and recover on the strength of his own title.

When plaintiffs proved the death of Huguenin, the owner of land in dispute at that time, the presumption of law was that the land descended to his heirs at law, and even though his widow testified that he left a will did not overcome this presumption. The will not being before the Court it was incumbent on the defendants to show by proof that the title by descent had been changed by devise and his Honor should not have granted the nonsuit on the ground he did—failure to prove the will and have it in evidence before the Court. When the plaintiffs proved they were heirs at law of Huguenin, his death, and his title to land at his death, then their title to land at that time

is *prima facie* complete, and it is incumbent on defendants to show that Huguenin left a will and devised the land differently.

The Court would not have been justified in granting a direct verdict or a nonsuit on the ground respondents seek to sustain the judgment, and they did not except to his Honor's ruling. The matter is not properly before the Court.

Order appealed from is reversed, but as the rules of Court were not complied with, without costs or disbursements to appellants.