### 23802

RESOLUTION TRUST CORPORATION, as Receiver for Heritage Federal Savings and Loan Association, Appellant v. EAGLE LAKE AND GOLF CONDOMINIUMS, A South Carolina Limited Partnership, Allen W. May, Peggy W. May, Coker Builders, Inc., and Eagle Lake and Golf Condominiums Homeowners Association, Inc., Respondents v. COKER BUILDERS, INC., Third-Party Plaintiff/Respondent v. Michael B. CALLAHAN, Kathleen B. Callahan, Glenn F. Sowards, Oretha B. Sowards, Joseph A. Larkin, Marilyn Larkin, Robert Stayrock, Sandra Yatty a/k/a Sandra L. Stayrock, Thomas L. Fiato, Mark T. Fiato, Kevin F. Skellett, Russell Smith, Lucille Smith, John B. Somers, Mary Jo Somers, John B. Dalhberg, Stephanie P. Dahlberg, Peter J. Palassino, Rosemary Pallassino, Maurice Harruff, Marilyn Harruff, David Wayne Brown, Joi Michelle Brown, Patricia Williams, Jan L. Hilgert and Pilar Hilgert, Third-Party Defendants.

(427 S.E. (2d) 646)

Supreme Court

Heard Jan. 4, 1993.

Decided Feb. 16, 1993.

Rehearing Denied March 23, 1993.

*Robert E. Stepp,* and *Elizabeth Howard Simmons,* both of *Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for appellant.*

*Dalton B. Floyd, Jr.,* Surfside Beach, *for third-party plaintiff/respondent Coker.*

*Cary F. McLeod,* North Myrtle Beach, and *John E. Fulbright,* of Connelly Springs, NC, *for respondents.*

*John Randolph Martin,* of the *Law Offices of John R. Clarke,* North Myrtle Beach, *for third-party defendants Michael B. Callahan* and *Kathleen B. Callahan.*

*Peggy W. May* and *Allen W. May, pro se respondents.*

*Thomas H. Somers,* of *Moon, Moss & McGill,* Portland, ME, *for third-party defendants John B. Somers* and *Mary Jo Somers.*

*Per Curiam:*

Appellant appeals an order granting respondent Coker's summary judgment motion and holding appellant's mortgage ineffective under S.C. Code Ann. § 27-31-230(a) (1991). The sole issue before the Court is whether a mortgage, given by a condominium developer on the entire project after the master deed has been filed, is void under this statute. We hold that it is, and affirm.

Appellant brought this action to foreclose its mortgage. Coker raised the statutory issue in its counterclaim. Appellant filed a general denial to this counterclaim, but raised no affirmative defenses. Coker then moved for summary judgment; appellant did not respond. At the hearing on Coker's motion, appellant for the first time orally raised a number of affirmative defenses.[1] In his order, the trial judge addressed the statutory issue, and also briefly addressed the merits of appellant's affirmative defenses, but only after first noting the issues were not properly before him.

Appellant has not appealed the judge's ruling that the affirmative defenses were not properly before him, but has appealed and argued the merits of those defenses. The trial judge's procedural ruling is the law of the case since it has not been appealed. *Robert Harmon and Bore, Inc. v. Jenkins,* 282 S.C. 189, 318 S.E. (2d) 371 (Ct. App. 1984). Even if these affirmative defenses were not procedurally barred, we disapprove of the practice of orally raising unpled issues for the first time at a summary judgment motion.[2] We therefore

---

[1] Waiver, estoppel, res judicata, collateral estoppel, and equitable lien.

[2] We note that appellant's present counsel were not counsel below.

address only the issue of the statute's effect on appellant's mortgage.

In January 1985, the developer of this condominium project recorded a master deed. In August 1986, appellant's predecessor in interest (hereinafter appellant) recorded the mortgage at issue here. When appellant brought this action to foreclose its mortgage, Coker, holder of a pre-master deed mortgage and an unsatisfied judgment against the developer, objected to the validity of appellant's mortgage under § 27-31-230(a). The judge agreed this statute rendered appellant's mortgage unenforceable and this appeal followed.

The first sentence of § 27-31-230(a) provides "No lien arising subsequent to recording the master deed ... shall be effective against the property." Here, appellant's mortgage was recorded approximately nineteen months after the master deed. A mortgage is a lien on real property. S.C. Code Ann. § 29-1-10 (1991); *see, e.g., Weatherly v. Medlin*, 141 S.C. 290, 139 S.E. 633 (1927). Words used in a statute should be given their plain and ordinary meaning. *First Baptist Church v. City of Mauldin*, — S.C. —, 417 S.E. (2d) 592 (1992); *Citizens for Lee County v. Lee County*, — S.C. —, 416 S.E. (2d) 641 (1992). Appellant's mortgage is ineffective under the statute's plain language.

Appellant argues, however, that in the context of the entire statute, the word lien in the first sentence should be limited to mechanic's liens or other materialmen's liens and not read to include mortgages. *See, e.g., S.C. Coastal Council v. S.C. State Ethics Comm'n*, 306 S.C. 41, 410 S.E. (2d) 245 (1991) (court should look at whole statute, not just isolated clause). A reading of the whole statute, however, supports the trial judge's interpretation. The second sentence explicitly permits individual condominium units (as opposed to the whole property) to be encumbered as any other separately owned property. The only exceptions in the remainder of the statute permit an individually owned unit to be subjected to a mechanic or materialman's lien upon a duly authorized vote of the regime's governing body or in the case of emergency repairs.

It is not reasonable to read the words "Mechanic or Materialmen" back into the first sentence. First, the remainder of the statute indicates the legislature knew how to write limitations on the term "lien." Second, and more

importantly, the purpose of the first sentence is to prevent an individual condominium owner or in this case, the developer, from encumbering the interests of others by giving a lien against the whole property once the master deed is filed. This limitation on encumbrances is a rational policy decision by the legislature. The purpose of the statute and public policy are aids in the construction of a statute. *S.C. Coastal Council, supra.*

Finally, we note that § 27-31-230 is based on a Model Act.[3] A review of the changes and limitations made by other states when adopting this part of the Model Act convinces us that the word "lien" means all liens. *See, e.g., D.C.:* changed title of section to "Mechanics and Materialmen's liens arising subsequent to recording of master deed or lease" (emphasis added); *Idaho:* "No labor performed or services or material furnished . . . shall be the basis for the filing of a lien. . . ."; *Maryland:* "The lien of mechanics and materialmen. . . ."; *Mississippi:* "No labor performed or services or material furnished. . . ."; *Nevada: Id.;* and *Pennsylvania:* "Any mechanic's lien. . . ."[4] The fact other states specified only certain liens in adopting this section of the Model Act indicates the original language was intended to cover all liens. South Carolina adopted the original language.

The plain language of the statute and the rules of construction support the trial judge's interpretation. Accordingly, the order granting summary judgment is

Affirmed.

---

[3] Section 1015 of the Model Condominium Law proposed by the Federal Housing Administration in 1962.

[4] These examples are taken from Ferrer and Stecher, *Law of Condominium,* Pt. IV (1967).