2537

SORIN EQUIPMENT CO., INC., Appellant v.
THE FIRM, INC., Respondent.

(474 S.E. (2d) 819)

Court of Appeals

*Eric S. Bland, Steven Kapustin* and *Mary Connell Elam,* Columbia, *for appellant.*

*J. Kershaw Spong* and *D. Reece Williams, III, Robinson, McFadden & Moore,* Columbia, *for respondent.*

Heard March 6, 1996.

Decided July 8, 1996; Reh. Den. Sept. 12, 1996.

CONNOR, Judge:

Sorin Equipment designs and manufactures custom exercise equipment. The Firm operates exercise studios and sells exercise videos and equipment. Sorin appeals the trial judge's grant of judgment notwithstanding the verdict on one cause of action, and his grant of a new trial on damages on another cause of action. We affirm in part, reverse in part, and remand.

## I. FACTS

In September 1991, Liz Guarnieri, a representative of The Firm, asked Richard Sorin, the owner of Sorin Equipment, to produce a customized exercise bar to be used in a forthcoming aerobic videotape. She explained she was in charge of this project, and told Sorin he should deal directly with her.

Sorin designed the prototype at no charge. However, because he wanted to protect his idea, he required Guarnieri to sign an agreement providing, "the design and manufacturing rights of the Bar and Holder are the exclusive property of Sorin Equipment Company."

Thereafter, Guarnieri, who had not read the agreement carefully before signing it, remembered The Firm had a policy of retaining design and manufacturing rights to products it sold. Although she did not contact Sorin, she did discuss her mistake with Mike Stone, The Firm's general manager.

Stone met with Sorin on October 3rd and advised him The Firm did not consider the agreement legally binding. The two met again in mid-October. Even though they still disagreed about the design and manufacturing rights to the bar, Stone ordered seventy-eight barbells and two holders at this meeting. Subsequently, Sorin filled the orders, and The Firm paid the purchase price of $7,889.70.

In late October, Stone wrote Sorin proposing a compromise in which The Firm would keep all ownership and marketing rights to the bar, and Sorin would retain exclusive manufacturing rights for one year. Sorin rejected this proposal. A month later Stone asked Sorin for quotations on some barbells, but, because they had never reached an agreement, Sorin never responded to his letter. The Firm then hired another manufacturer to produce basically the same bar Sorin had designed.

Sorin sued The Firm, alleging breach of contract, promissory estoppel, and fraud in the inducement. The trial court granted The Firm's motion for summary judgment on breach of contract, but allowed Sorin to amend its complaint to include *quantum meruit*.

The court bifurcated liability and damages. Thereafter, the jury found in Sorin's favor on his three remaining causes of action. The judge granted The Firm's motion for judgment notwithstanding the verdict on fraud and promissory estoppel. Subsequently, during the damages phase of the trial, the jury awarded Sorin $150,000 for *quantum meruit*. The court then granted The Firm's motion for a new trial on that cause of action on the issue of damages only. Sorin appeals the grant of judgment notwithstanding the verdict on fraud and the ruling granting a new trial on damages.

## II. ISSUES AND DISCUSSION

### A. *Subject Matter Jurisdiction*

The Firm asserts, for the first time on appeal, that Sorin's claims for damages based on the total sales of the barbells are preempted under the federal Copy-

right Act, 17 U.S.C. §§ 101 through 810 (1977 & Supp. 1995), and that we lack subject matter jurisdiction. The parties have stipulated the barbell is not patentable. In addition, Sorin does not seek damages for copyright infringement or for the unauthorized use of its product. Rather, Sorin seeks damages for the series of events beginning before the prototype was developed and ending with The Firm's contract with a third party to manufacture barbells.

Accordingly, we find Sorin's claims are not within the subject matter of the Copyright Act, and are not preempted. *See Griggs v. SCE&G*, — S.C. —, 463 S.E. (2d) 608 (1995) (recipe author's state law tort claims against sponsor of cooking contest were preempted by Copyright Act), *cert. denied*, — U.S. —, 116 S.Ct. 1545, 134 L.Ed. (2d) 648 (1996).

### B. *New Trial on Damages*

Sorin first argues the trial judge erred in granting a new trial on damages. However, the parties disagree about whether the judge granted a new trial absolute or a new trial under the thirteenth juror doctrine. Sorin argues the judge granted a new trial absolute, whereas The Firm alleges he ruled under the thirteenth juror doctrine.

The judge's order stated:

> The verdict is contrary to the weight of the evidence, is not supported by the evidence and is grossly excessive and unreasonable.

It contained no factual findings nor evidentiary conclusions.

A trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence. *O'Neal v. Bowles*, 314 S.C. 525, 431 S.E. (2d) 555 (1993). The judge must set out the reasons for granting or denying new trial motions based on inadequacy or excessiveness of the verdict. *Cf. Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton*, 311 S.C. 56, 427 S.E. (2d) 673 (1993) (compelling reasons must be given justifying invading the jury's province in this matter).

On the other hand, under the thirteenth juror doctrine, a trial judge may grant a new trial if the judge believes the verdict is unsupported by the evidence. *Folkens v. Hunt*, 300 S.C. 251, 387 S.E. (2d) 265 (1990). Similarly, the

judge may grant a new trial if the verdict is inconsistent and reflects the jury's confusion. *Johnson v. Parker,* 279 S.C. 132, 303 S.E. (2d) 95 (1983). In ruling on a new trial motion as the thirteenth juror, the trial judge may weigh the evidence and rely on his or her view of the circumstances. *Fallon v. Rucks,* 217 S.C. 180, 60 S.E. (2d) 88 (1950). It is not necessary to justify the ruling with factual findings. *Folkens v. Hunt.* Basically, the circumstances are as though the judge, as the thirteenth juror, "hangs" the jury. *Id.*

Here, in light of the trial judge's express wording and the absence of facts on which his decision is based, we believe he intended to invoke the thirteenth juror doctrine.

The trial court has discretion to grant a new trial based on the thirteenth juror doctrine, and his ruling will not be disturbed on appeal unless the decision is wholly unsupported by the evidence or unless the conclusion he reached was controlled by an error of law. *Id.; accord Todd v. Owen Indus. Prods., Inc.,* 315 S.C. 34, 431 S.E. (2d) 596 (Ct. App. 1993) (in an appeal of an order granting a new trial on the facts, an appellant has a heavy burden in demonstrating it clearly appeared the judge's exercise of discretion was controlled by a manifest error of law).

In this case the judge did commit an error of law during the trial when he ruled the measure of damages in an action for *quantum meruit* was limited to the value of services rendered. In an action in *quantum meruit,* the measure of recovery is the value of the benefit conferred on the defendant. *Stringer Oil Co. v. Bobo,* — S.C. —, 465 S.E. (2d) 366 (Ct. App. 1995). However, we cannot find an error of law on this basis because this issue has not been appealed. *See* Rule 207(b)(1)(B), SCACR (no point will be considered which is not set forth in the statement of the issues on appeal).

Neither can we say the judge's holding that the verdict was "grossly excessive and unreasonable" is wholly unsupported by the evidence. This is especially true in light of his erroneous, but unappealed, ruling that the measure of Sorin's damages was the value of Sorin's services to The Firm.[1]

---

[1] We are bound by this ruling as the law of the case. *Resolution Trust Corp. v. Eagle Lake & Golf Condominiums,* 310 S.C. 473, 427 S.E. (2d) 646 (1993) (an unchallenged ruling by the trial court is the law of the case).

Sorin testified at trial he delivered the prototype approximately nineteen working days after Guarnieri first contacted him. His usual hourly rate for consulting work was $50 to $150 per hour, while that of his two employees was $15 per hour. He had six or seven employees at the time. He could not estimate the amount of time he and his employees had spent on the bar, but no one had worked on the bar full time. Given our limited scope of review, we cannot say the judge's ruling was without evidentiary support.[2]

We therefore affirm the judge's grant of a new trial on damages only.

### C. *Fraudulent Inducement*

Sorin additionally contends the trial court erred in granting The Firm's motion for judgment notwithstanding the verdict on fraud in the inducement.

In reviewing a motion for judgment notwithstanding the verdict, the trial court must view the evidence and its inferences in the light most favorable to the non-moving party. *Shupe v. Settle*, 315 S.C. 510, 445 S.E. (2d) 651 (Ct. App. 1994). The jury's verdict must be upheld if there is any evidence to sustain the factual findings implicit in the verdict. *Id.*

The trial judge granted Sorin's motion for judgment notwithstanding the verdict on fraud because he characterized Guarnieri's signed agreement as "a promise to buy bars from Sorin Equipment in the future." He then reasoned The Firm fulfilled its promise by subsequently purchasing seventy-eight bars from Sorin Equipment. Therefore, he ruled as a matter of law that The Firm's promise was genuine when made.

To establish fraud, a party must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *King v. Ox-*

---

[2] We note Sorin testified he suffered $200,000 in damages, based on The Firm's subsequent sales. Accordingly, the record also contains evidence to support the jury's verdict under the correct measure of damages for *quantum meruit.*

*ford,* 282 S.C. 307, 318 S.E. (2d) 125 (Ct. App. 1984). Failure to prove any element of fraud is fatal to the action. *Id.*

Sorin argues there is evidence from which the jury could have found Guarnieri, The Firm's authorized agent, recklessly disregarded the truth. First, according to Sorin, he told Guarnieri during a telephone conversation just prior to delivering the bars she would have to sign a statement acknowledging he owned the design rights. She acknowledged she understood his position. Specifically, Sorin advised Guarnieri she had to "understand that I had to protect myself and my company's rights of development and that they would have to sign an agreement that it was my product and my design." Guarnieri "didn't even hesitate, she said 'Fine, I understand that. That's no problem.' "

Viewed in the light most favorable to Sorin, the nonmoving party, this evidence shows Guarnieri knew Sorin's position concerning the ownership of the design and manufacturing rights before she signed the delivery receipt. As an agent of The Firm, she also knew The Firm had a policy of retaining the rights to the products it marketed. Yet she never told Sorin about The Firm's policy, but instead assured him she understood his position.

Ordinarily, a fraudulent representation must relate to a present or preexisting fact and cannot be based on unfulfilled promises or statements about future events. *Woodward v. Todd,* 270 S.C. 82, 240 S.E. (2d) 641 (1978). However, a fraudulent misrepresentation of a fact occurs when a person promises to do a certain thing and, at the time, has no intention of keeping the promise. *Davis v. Upton,* 250 S.C. 288, 157 S.E. (2d) 567 (1967). Accordingly, a promise made with an existing intention not to perform for the purpose of inducing another to perform an act may constitute actionable fraud. *Winburn v. Insurance Co. of North America,* 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985).

At the very least, Sorin alleges, the jury could have found Guarnieri reckless in failing to verify The Firm would honor the agreement she signed before accepting the bar on the conditions set forth in the delivery receipt.

There are situations in which a failure to speak when fair dealing requires one to do so may amount to a suppression of a fact that should have been disclosed.

*Gardner v. Nash,* 225 S.C. 303, 82 S.E. (2d) 123 (1954). Furthermore, where the representations of material facts are made by someone whose superior knowledge plaintiff is entitled to rely upon, with a reckless disregard of possible falsity, fraud may exist. *Cf. Ruberg v. Brown,* 50 S.C. 397, 27 S.E. 873 (1897) (false expressions of opinion by one possessing special knowledge that are relied on by a party with unequal means of information may be actionable for fraud); *Miller v. Premier Corp.,* 608 F. (2d) 973 (4th Cir. 1979) (false prediction concerning future events made by one with superior knowledge of those events may constitute a fraudulent misrepresentation); *Burwell v. South Carolina Nat'l Bank,* 288 S.C. 34, 340 S.E. (2d) 786 (1986) (every contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it).

Viewing the evidence in the light most favorable to Sorin, we find the trial court erred in refusing to submit the issue of damages for fraud to the jury. Accordingly, we reverse the judgment notwithstanding the verdict and remand this cause of action for a new trial on damages only.

For the foregoing reasons, the decision of the trial court is

Affirmed in part, reversed in part, and remanded.[3]

CURETON and HEARN, JJ., concur.

---

[3] On retrial, Sorin may not recover damages on both the *quantum meruit* and fraud causes of action. If it prevails on both, it will be required to elect one of the remedies. *See Save Charleston Foundation v. Murray,* 286 S.C. 170, 333 S.E. (2d) 60 (Ct. App. 1985) (doctrine of election of remedies involves a choice between two or more different and coexisting modes of procedure and relief afforded by law for the same injury; plaintiff may plead and prove either or both but must elect so as not to receive a double recovery).