THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carmilla C. Simpkins,       
Appellant,
 
 
 

v.

 
 
 
Joshua Bennett,       
Respondent.
 
 
 

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-020
Submitted November 19, 2003  Filed 
 January 15, 2004

AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville, for Appellant.
John P. Riordan, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Carmilla 
 C. Simpkins sued Joshua Bennett for damages allegedly arising from an automobile 
 accident.  The jury awarded Simpkins $14,000.00.  Simpkins appeals.  We affirm.  

FACTUAL/PROCEDURAL BACKGROUND
On February 18, 1998, the Corvette Bennett 
 was driving rear-ended the Pontiac Bonneville driven by Simpkins.  Bennett was 
 issued a ticket for the accident.  At the accident scene neither party complained 
 of injuries or requested an ambulance.  That night, Simpkins went to the emergency 
 room at Easley Medical Center.  She later sought treatment with Stephenson Chiropractic 
 Offices and Dr. Downey with Augusta Pain Management.  She also received physical 
 therapy and consulted with a surgeon.  At trial she submitted medical bills 
 totaling $10,272.00.  She also claimed $10,810.00 in lost wages from the date 
 of the accident until January 1999.  
After the jury returned a verdict in favor 
 of Simpkins in the amount of $14,000.00, she moved for a new trial or new trial 
 nisi additur.  The court denied these motions.  This appeal followed.   

DISCUSSION 
Simpkins argues the trial court should 
 have granted her a new trial under the thirteenth juror doctrine because the 
 jury disregarded the trial courts instructions and did not properly include 
 all of her damages in its verdict.  
Under the thirteenth juror doctrine, the trial 
 court may grant a new trial if the court believes the evidence does not justify 
 the verdict.  Folkens v. Hunt, 300 S.C. 251, 254, 387 S.E.2d 265, 267 
 (1990).  This ruling has been termed a granting of a new trial on the facts.  
 Id. at 254, 387 S.E.2d at 267.  In addition, the court may grant a new 
 trial if the verdict is inconsistent and reflects the jurys confusion.  Sorin 
 Equip. Co. v. The Firm, 323 S.C. 359, 364, 474 S.E.2d 819, 822 (Ct. App. 
 1996).  In ruling on a new trial motion as the thirteenth juror, the trial court 
 may weigh the evidence and rely on his or her view of the circumstances.  Id.  
 Basically, the doctrine permits the judge as the thirteenth juror to hang the 
 jury.  Folkens, 300 S.C. at 254, 387 S.E.2d at 267.  
When reviewing the denial of a motion for a new 
 trial under the thirteenth juror doctrine, this court considers only whether 
 there is any evidence to support the trial courts decision.  Haselden v. 
 Davis, 341 S.C. 486, 506, 534 S.E.2d 295, 306 (Ct. App. 2000).  In order 
 to reverse the trial court when it denies a new trial under the thirteenth juror 
 doctrine, we must find the moving party was entitled to a directed verdict during 
 the trial.  Id.  Thus, this court must affirm the denial of the new trial 
 when viewing the evidence, and the inferences that can be drawn therefrom in 
 the light most favorable to the nonmoving party, we find the evidence yields 
 more than one inference or its inference is in doubt.  Sabb v. South Carolina 
 State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002).  Neither the 
 trial court nor the appellate court has authority to decide credibility issues 
 or to resolve conflicts in the testimony or evidence.  Harvey v. Strickland, 
 350 S.C. 303, 308, 566 S.E.2d 529, 532 (2002).
Simpkins argues that because she submitted evidence 
 of medical bills and lost wages incurred totaling $21,082.00, the verdict should 
 have been at a minimum that amount.  She asserts the jurys failure to award 
 her at least that amount demonstrates its failure to follow the trial courts 
 instruction on the calculation of damages.  
While Simpkins did submit evidence of damages totaling 
 over $21,000.00, it was within the jurys province to determine that not all 
 of the claimed damages were proximately caused by the accident.  Simpkins acknowledged 
 Bennetts Corvette was smaller than the Pontiac Bonneville she was driving.  
 Corporal Page, the reporting officer, testified the accident caused at the most 
 minimal damage to either automobile and neither car was towed from the scene.  
 Simpkins did not complain of any injuries at the scene of the accident and did 
 not request an ambulance.  
Simpkins had been involved in two prior automobile 
 accidents in which she had sustained severe whiplash.  The more recent one occurred 
 in July of 1997.  As a result of that accident, her doctor assigned her a six 
 percent impairment rating to the entire body.  Simpkins discharge sheet from 
 the Easley Baptist Medical Center emergency room instructed her to see her family 
 doctor if she had any problems.  Rather than returning to the doctor who treated 
 her for the prior accidents, Simpkins sought treatment from a chiropractor.  
 After the chiropractor released her in May of 1998, Simpkins sought treatment 
 from Dr. Downey with the Augusta Pain Management Center.  In reporting her prior 
 health history, she failed to disclose the prior accidents.  She also failed 
 to disclose the 1997 accident to her physical therapist.  
Dr. Downey acknowledged that when considering Simpkins 
 medical records, which Bennetts attorney provided him on the day of his deposition, 
 he could not determine whether Simpkins cervical nerve root problem came from 
 the most recent accident or was preexisting.  Dr. Downey also stated hypothyroidism, 
 a condition from which Simpkins suffers, could cause some of the symptoms Simpkins 
 experiences such as muscle aches and headaches.  In addition, Dr. Downey stated 
 chiropractic treatment could cause problems like Simpkins experiences.
A surgeon, Dr. Estes, to whom Dr. Downey referred 
 Simpkins wrote back that it was difficult to tell whether Simpkins was using 
 full effort with her right arm and leg.  He stated that although she gave the 
 impression of generalized right-sided weakness, this did not fit her history.  
 Bennett testified that in his previous meetings with Simpkins, she had not used 
 a cane when she walked.  
The record reveals no evidence to support Simpkins 
 claim for lost wages other than her testimony.  Prior to the accident, Simpkins 
 had lost her job with the post office.  She stated in her deposition that she 
 would return to that job if her pending claim with the Equal Employment Opportunity 
 Commission was resolved in her favor.  She claimed that after she lost her job, 
 she performed housekeeping services for two people earning $250.00 a week.  
 Although she testified her chiropractor released her to return to work in May 
 of 1998, Simpkins claimed lost wages through January of 1999.  There is no other 
 evidence of a medical excuse from work in the record.    

The fact that testimony is not contradicted directly does 
 not render it undisputed.  There remains the question of the inherent probability 
 of the testimony and the credibility of the witness or the interests of the 
 witness in the result of the litigation.  If there is anything tending to create 
 distrust in his or her truthfulness, the question must be left to the jury.  

Black v. Hodge, 306 S.C. 196, 198, 410 S.E.2d 
 595, 596 (Ct. App. 1991) (internal citations and quotation marks omitted).  

It was the right of the jury to consider the witnesses 
 testimonies and determine that not all of the damages Simpkins claimed were 
 attributable to what was described by the reporting officer and Bennett as a 
 minor accident.  We cannot find from the jurys verdict, which was lower than 
 Simpkins expected, that the jury disregarded the trial courts charge on damages.  
 Accordingly, we find the trial court did not err in denying Simpkins motion 
 for a new trial under the thirteenth juror doctrine.  
Simpkins also argues the trial court erred in denying 
 her motions for new trial nisi additur or new trial absolute.  She asserts 
 the verdict was unreasonably low and that the jury was acting out of prejudice 
 or caprice. 
The trial court alone has the power to 
 grant a new trial nisi when it finds the amount of the verdict to be 
 merely inadequate or excessive.  ONeal v. Bowles, 314 S.C. 525, 526, 
 431 S.E.2d 555, 557 (1993). The denial of a motion for a new trial nisi 
 is within the trial courts discretion and will not be reversed on appeal absent 
 an abuse of discretion.  Id.  On appeal of the denial of a motion for 
 a new trial nisi, this court will reverse only when the verdict is grossly 
 inadequate or excessive requiring the granting of a new trial absolute.  Id.  

The trial courts decision to deny a 
 motion for new trial absolute is within its discretion and will not be reversed 
 absent an abuse of discretion.  Cock-N-Bull Steak House, Inc. v. Generali 
 Ins. Co., 321 S.C. 1, 9, 466 S.E.2d 727, 731 (1996).  When deciding a motion 
 to grant a new trial, the court must look at the testimony and inferences raised 
 in favor of the nonmoving party.  Welch v. Epstein, 342 S.C. 279, 302-03, 
 536 S.E.2d 408, 420 (Ct. App. 2000).  The trial court must set aside a verdict 
 only when it is shockingly disproportionate to the injuries suffered and thus 
 indicates that passion, caprice, prejudice, or other considerations not reflected 
 by the evidence affected the amount awarded.  Id. at 302, 536 S.E.2d 
 at 420.  A jurys determination of damages is entitled to substantial deference 
 by this court.  Knoke v. S.C. Dept. of Parks, Recreation & Tourism, 
 324 S.C. 136, 141, 478 S.E.2d 256, 258 (1996).  
As stated above, the jury had the right 
 to weigh the evidence and the credibility of the witnesses and determine that 
 not all of the damages Simpkins claimed were proximately caused by the 1999 
 accident.  We find the verdict was not grossly inadequate or the result of passion, 
 caprice, prejudice, or some other influence.  Accordingly, we find the trial 
 court did not abuse its discretion in denying Simpkins motions for new trial 
 nisi and new trial absolute.  
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.