THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Estate of Deloris G. Anderson, Respondent,
v.
Linda Greene and Frank Greene, III, Appellants.
 
 
 

Appeal From Georgetown County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-100
Heard January 11, 2006  Filed February 17, 2006

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

 
 
 
George E. Graham, of Conway, for Appellants.
Johnny  Morant, of Georgetown, for Respondent.
 
 
 

PER CURIAM:  Linda Greene and Frank Greene, III appeal the order of the circuit court affirming the probate courts dismissal of their claims against the estate of Deloris Anderson for rents collected by Anderson and for fraud.  We affirm in part and reverse and remand in part.  
FACTS
Anderson was the Greenes aunt.  When Andersons father, Frank Greene Sr., passed away on October 8, 1980, he left as his only heirs at law Anderson and the Greenes, whose father, Frank Greene, Jr., had predeceased Frank Sr.  Although Frank Sr.s estate was never formally administered, the Greenes presented three deeds dated July 23, 1981 purporting to divide Frank Sr.s estate.  One deed was ostensibly signed by Anderson and Linda to convey their interest in two lots to Frank III, one deed was ostensibly signed by Anderson and Frank III to convey their interest in a lot to Linda, and the final deed was ostensibly signed by Linda and Frank III conveying their interest in a lot to Anderson.  The mailing address on the deeds to Linda and Frank III was listed as in care of Anderson at her address.  The Greenes lived out of state at this time.  At the hearing, they claimed to have no knowledge of the deeds and denied ever signing any of them.  
It was not until after Andersons death that another relative discovered the deeds and informed the Greenes that they existed.  Although Anderson rented all of the properties, she never shared any of the rents with the Greenes.  The Greenes filed a claim against Andersons estate seeking $117,522.70 for their share of the rents.  The personal representative of Andersons estate denied the claim.  
The probate court found that because the Greenes testified that their signatures on the deeds into them were forged, the deeds were not genuine and were merely bogus documents.  Thus it held the Greenes could not prove title to the properties through the deeds.  In addition, the court ruled that because Frank Sr.s estate had never been probated and there had not been any quiet title action, the Greenes could not establish their title to the property as Frank Sr.s heirs.  On the Greenes claim for fraud, the court ruled they had failed to establish all of the essential elements for the cause of action.  Thus, the probate court denied the Greenes claims against Andersons estate.  The circuit court affirmed the probate courts order.  This appeal followed.   
DISCUSSION
1.     Standard of review 
The Greenes first argue the circuit court applied the incorrect standard of review in deciding the appeal of the probate courts order.  We disagree. 
On appeal from the final order of the probate court, the circuit court should apply the same standard of review that the Supreme Court or Court of Appeals would apply on appeal.  In re Howard, 315 S.C. 356, 361, 434 S.E.2d 254, 257 (1993).  This appeal involves a claim for money due from an estate and a claim for fraud.  As the circuit court correctly held, both are actions at law.  See Howard v. Mutz, 315 S.C. 356, 362, 434 S.E.2d 254, 258 (1993) (stating a claim for money due from an estate sounds in law); Perry v. Heirs at Law and Distributees of Charles Gadsden, 313 S.C. 296, 301, 437 S.E.2d 174, 177 (Ct.App.1993) affd as modified by 316 S.C. 224, 449 S.E.2d 250 (1994) (stating fraud is an action at law unless an equitable remedy is sought).  Thus, we hold the circuit court did not err in applying the standard of review for an action at law.  
This standard of review provides: on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judges findings. 
Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  However, the appellate court may correct errors of law without deference to the lower court.  State ex rel Condon v. City of Columbia, 339 S.C. 8, 13, 528 S.E.2d 408, 410 (2000).
2.     Ownership of property 
The Greenes next argue the probate court erred in denying their creditors claim because they had not established an ownership interest in the properties. 
We agree with the Greenes that the probate court committed an error of law by holding that the deeds into the Greenes were invalid due to the forged signatures.  Where the signature of one grantor on a deed is genuine but the signature of the other grantor is a forgery, the deed is only partially valid and is effective to convey only the interest of the grantor whose interest is genuine. 23 Am.Jur.2d Deeds § 164 (2002).  Neither party challenges the probate courts conclusion that the Greenes signatures on the deed were forged.  However, there was no evidence presented at the hearing that Andersons signatures on the deeds were also forged.  Thus, while the transfers of the Greenes interests through the deeds were invalid, the transfers of Andersons interests to the Greenes were valid and effectively conveyed her interests.  
In addition, we find the probate court erred in holding the Greenes failed to establish title or ownership to real property absent probate of Frank Sr.s estate, a quiet title suit, or a confirmation of title action. 
Title to real property vests in the heir or heirs immediately on the death of the intestate, subject to probate administration.  Carter v. Wroten, 187 S.C. 432, 435, 198 S.E. 13, 15 (1938); S.C. Jur. Descent & Distribution, § 24 (1998).  In fact the proof of death of an intestate decedent raises the presumption that his real property descended to his heirs.  28 S.C. Jur. Descent & Distribution § 24 (citing Pinkney v. Knowles, 112 S.C. 7, 10, 99 S.E. 354, 355 (1919)).  From the record it appears the Greenes and Anderson were Frank Sr.s heirs at law, that Frank Sr. owned the disputed properties, and that he died intestate.  We find the probate court committed an error of law in holding the Greenes could not establish their rights to the properties absent probate administration of Frank Sr.s estate or action to quiet title or confirm title.  However, as it is unclear whether the Greenes and Anderson were Frank Sr.s only heirs, the court on remand should determine the Greenes intestate interests in the properties and Andersons intestate interests that passed to the Greenes through the deeds. 
3.     Fraud 
Finally, the Greenes argue the probate court erred in finding they failed to establish a cause of action for fraud.  We disagree.  

In order to establish actual fraud, a party must prove:  
 
(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearers ignorance of its falsity; (7) the hearers reliance on its truth; (8) the hearers right to rely thereon; and (9) the hearers consequent and proximate injury.
 

Sorin Equip. Co. v. The Firm, Inc., 323 S.C. 359, 365, 474 S.E.2d 819, 823 (Ct. App. 1996).  To establish constructive fraud, the party must establish all elements of actual fraud except the element of intent. 
Ardis v. Cox, 314 S.C. 512, 516, 431 S.E.2d 267, 269 (Ct. App.1993).  The failure to prove any element of fraud is fatal to the action. 
Sorin Equip Co., 323 S.C. at 366, 474 S.E.2d at 823. Furthermore, [f]raud cannot be presumed; it must be proved by clear, cogent, and convincing evidence.  Foxfire Village, Inc. v. Black & Veatch, Inc., 304 S.C. 366, 374, 404 S.E.2d 912, 917 (Ct. App. 1991).
The probate court held the Greenes failed to establish the element of misrepresentation.  The Greenes maintained that they knew nothing about the deeds or the rents collected by Anderson until after Andersons death.  We agree with the probate court that the record is entirely devoid of any evidence of any type of representation, either verbal or by conduct made to them by Anderson.  
The Greenes correctly assert that acts, conduct, or supression of the truth may constitute fraud.  See Carter v. Boyd Constr., 255 S.C. 274, 178 S.E.2d 536 (1971).  However, [n]on-disclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction.  Lawson v. Citizens & S. Natl.  Bank of S.C., 259 S.C. 477, 481-82, 193 S.E.2d 124, 126 (1972).  Although the Greenes assert Deloris Anderson had an implicit duty to advise the Appellants of their ownership[,] they fail to set forth any basis upon which such a duty to disclose arose.  See Regions Bank v. Schmauch, 354 S.C. 648, 673-74, 582 S.E.2d 432, 445-46 (Ct. App. 2003) (stating the duty to disclose may arise from (1) a preexisting fiduciary relationship; (2) where in the particular transaction in question one party expressly reposes a trust and confidence in the other or where from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; and (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties).  
Not only did the Greenes fail to present any evidence of a representation, they also failed to present evidence of their detrimental reliance or their right to rely.  Accordingly, we agree with the probate court that the Greenes claim of fraud fails as a matter of law.  
CONCLUSION
We affirm the circuit courts affirmance of the probate courts denial of the Greenes claims for fraud.  We reverse the circuit courts affirmance of the probate courts order holding the Greenes may not maintain a claim for money due from Andersons estate and remand for further proceedings.  
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.