THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Palmetto Bay Club Owners Association, a South Carolina Non-Profit Corporation Administration for the Palmetto Bay Club Horizontal
 Property Regime, Respondent,
 
 
 

v.

 
 
 
 Danna Cooper
 Brissie, Appellant.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Master-in-Equity
Unpublished Opinion No. 2008-UP-140
Heard November 6, 2007  Filed March 4,
 2008   
REVERSED and REMANDED

 
 
 
 Terry A. Finger, of Hilton Head Island, for Appellant.
 Otto W. Ferrene, Jr., of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:   Danna Cooper
 Brissie appeals from an order by the Master-in-Equity which, inter alia,
 granted an injunction to the Palmetto Bay Club Owners Association (Palmetto Bay).  We reverse.
FACTS
This matter arises out of a dispute over a condominium unit (Penthouse)
 located in the Palmetto Bay Club on Hilton Head Island, South Carolina.  All of the condominium units are subject to the Master
 Deed (Deed) and Bylaws of Palmetto Bay.  Penthouse was originally designed as
 two separate condominium units, 504 and 505; however during construction,
 prospective buyers Jim and Tammy Faye Baker indicated they were interested in a
 penthouse unit combining the two condominiums.  As a result, Penthouse is unique
 among Palmetto Bay units, because units 504 and 505 were united when Penthouse
 was completed without a wall separating the two.  Because it was constructed as
 separate units, Penthouse has duplicates of certain unit features, including
 two utility meters, breaker panels, mailboxes, kitchen areas, balconies, washer
 and dryer connections, water heaters, heating and air conditioning systems,
 refrigerator connections and parking spaces.  
Brissie
 originally purchased Penthouse from Helen Valois in 1994.  Brissie sold Penthouse
 to her sister in 1998 and subsequently re-purchased it in 2001.  During Brissies
 first ownership period, she erected an interior wall between the two units
 comprising Penthouse.  Brissie was notified by the property management company[1] for Palmetto Bay that under the Deed and Bylaws, her alterations to the building
 required advance approval from the Associations Board of Directors (Board).  Additionally,
 the management company also sent Brissie a copy of Palmetto Bays Deed.  Brissie dismantled the wall in June of 1997.  
Upon
 re-purchasing Penthouse in 2001 from her sister, Brissie sent a letter to
 Valois, who was then President of the Board, indicating Brissies plans to
 alter the Penthouse.  In her letter, Brissie requested Valois share her plans
 with the Board and indicated Brissie would assume alterations could be made if
 the Board did not respond within thirty days.  When the Board did not respond,
 Brissie erected a portion of a wall and completed a second kitchen in one of
 the units of the Penthouse.  Furthermore, Brissie replaced an existing set of
 French doors which had divided the units since the time of Valois ownership of
 the Penthouse, with a smaller lock-out door system, similar to those found
 between connecting hotel rooms.  Thereafter, Palmetto Bay instructed her to
 cease alterations to Penthouse and return the Penthouse to its original
 condition.  When Brissie refused, Palmetto Bay filed this action for an
 injunction and attorneys fees.  
The master
 found an ambiguity existed in the Deed, created by the plans which were
 attached and incorporated into the Deed.  These plans show a solid wall with no
 opening or doorway connecting the two units.  The master nevertheless found the
 alterations Brissie made to Penthouse violated Palmetto Bays Deed and Bylaws. 
 Furthermore, the master found the letter sent to Valois from Brissie failed to
 provide the Board with adequate notice as required by the Deed and Bylaws.  The
 issue of attorneys fees was held in abeyance until a further hearing could be
 conducted.  Brissie subsequently filed a motion to alter or amend which
 was denied.  This appeal followed. 
STANDARD OF REVIEW
Whether
 the action is one at law or in equity is determined by the nature of the
 pleadings and the character of the relief sought.  In re Estate of Holden,
 343 S.C. 267, 278, 539 S.E.2d 703, 709 (2000).  The interpretation of a
 deed and an action to enforce restrictive covenants by injunction are both
 equitable matters. South Carolina Dept. of Natural Resources v. Town of
 McClellanville, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001); Eldridge
 v. Greenwood, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct. App.
 1998).
In an action in equity, tried by a master without a
 jury, this court may view the evidence to determine facts in accordance with
 its own view of the preponderance of the evidence.  McClellanville 345
 S.C. at 622, 550 S.E.2d at 302.  On appeal, we are to consider the equities of
 both sides, balancing the two to determine what, if any, relief to give.  Anderson v. Buonforte, 365 S.C. 482, 493, 617 S.E.2d 750, 755 (Ct. App. 2005). 
 When reviewing the findings of fact in an equitable action, this court will not
 disturb findings of fact which are sufficiently supported by the evidence.  Parrot
 v. Dickson Hall v. Walker, 151 S.C. 114, 120, 148 S.E. 704, 706 (1929). 
 
LAW/ANALYSIS
Brissie contends
 the master erred in finding the plain and obvious purpose of the Deed was
 defeated by installing a lock-out door system in the Penthouse.  We agree.
In the present
 case, a document incorporated into the Deed as Exhibit B, describes the Penthouse
 as a B/C unit.  The Deed also offers a narrative description of each unit in
 Exhibit C; however, although Unit Type B, and Unit Type C are each
 described separately, no explanation or description exists for a B/C unit.  Moreover,
 the Deed provides in Article II, Section 2, that [t]he Units are of the
 general design as graphically depicted in the certified architects plans which
 are compiled and annexed to this Master Deed at Exhibit F.  
The master found
 that the Master Deed has an ambiguity.  He based this finding on the fact
 that, although Article II, Section 2 of the Deed states that Palmetto Bay is
 limited to a total of fifty-nine condominium units, the plans for Palmetto Bay
 attached to the Deed show Unit 504/505 being divided by a one-hour firewall. 
 Accordingly, the master found that the ambiguity is created by the fact that
 the drawing shows the unit as being divided by a wall.   No appeal was taken
 from this finding of an ambiguity; as such, it is the law of the case.  Resolution
 Trust Corp. v. Eagle Lake & Golf Condominiums, 310 S.C. 473, 476, 427
 S.E.2d 646, 648 (1993) (the trial judges procedural ruling is the law of the
 case since it has not been appealed); See also Toal, Vafai, and
 Muckenfuss, Appellate Practice in South Carolina 80 (2d ed. 2002) (It is a
 fundamental rule of law that an appellate court will affirm a ruling by a lower
 court if the offended party does not challenge that ruling).
Restrictive
 covenants, like the ones at issue in the Palmetto Bay Deed and Bylaws, are
 subject to the rules of contract construction. Houck v. Rivers, 316 S.C.
 414, 416, 450 S.E.2d 106, 108 (Ct. App. 1994).  Historically, restrictions on
 the use of property are disfavored in the law.  Sea Pines Plantation
 Co. v. Wells, 294 S.C. 266, 270, 363 S.E.2d 891, 893 (1987).  Accordingly,
 courts interpret restrictive covenants strictly and resolve any doubt or
 ambiguity in the covenants in favor of the free and unrestricted use of land.  Hyer
 v. McRee, 306 S.C. 210, 212, 410 S.E.2d 604, 605 (Ct. App. 1991).  We agree
 with the master that the Deed is ambiguous because of the drawings attached to
 it which depicted a solid wall separating unit 504 and 505.  However, once the
 master found an ambiguity existed, he should have construed that ambiguity in
 favor of Brissies right to use her property without restriction.[2]
Although an
 ambiguity is found, a court should not use the rule of strict construction to
 defeat the plain and obvious purpose of the restrictive covenants.  Hardy v.
 Aiken, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006).  Here however, both
 the Deed and the Bylaws provide procedures for the modification or alteration
 of individual units.  These include notice to the Board through an agent or the
 President of the Board, and provide a time period in which the Board has to
 reply.  Therefore, construing the ambiguity before us to allow Brissie to
 replace a large set of French doors with a lock-out door system and partial
 wall to fill in the remaining space, does not defeat the plain and obvious
 purpose of the restrictive covenants.    
Brissie puts forth several additional issues in her
 appeal from the masters order, including the argument that she provided
 adequate notice to the Board of her intention to install the lock-out door in
 her letter to the Boards president.  Brissie contends that when the Board did
 not respond to her letter within the applicable period, permission was granted under
 the Bylaws.  Because we find the
 determination of the issue above to be dispositive in the appeal before us, we
 need not review Brissies remaining contentions.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue
 is dispositive of the appeal).
CONCLUSION

 Based on the foregoing, we hold the master erred in granting Palmetto Bays request for an injunction.  The issue of attorneys fees is remanded to the
 master for disposition in light of our opinion.  The decision of the master is
 accordingly
REVERSED and
 REMANDED.
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1] Two companies, New Leaf Management Inc. and Allied
 Management Group, have served as the property manager for Palmetto Bay during the periods in which Brissie owned Penthouse.  
[2] It is undisputed that Brissies installation of the
 interior lock-out door had no effect on the common areas of Palmetto Bay.