The opinion of the Court was delivered by
Fkost, J.
The plaintiff established his title to two-sevenths of the land in dispute, by the purchase of their distributive shares from two of the heirs of Isabella Floyd. The defendant claimed under Theophilus Floyd, the son of Isabella. The title of Theophilus was maintained by evidence of possession, adverse to his mother, acquired and held sometime between the years 1812 and 1828: and, also, by parol evidence of a deed of conveyance from Isabella to Theophilus Floyd. The defendant derived title to himself from Theophilus, by purchase of the land at sheriff’s sale, under a decree in summary process against Theophilus, in 1828. Isabella Floyd died in 1837 : and since that time the title of the plaintiff has been protected by minorities against any claim by adverse possession. In 1835, the defendant conveyed the land to Samuel Elliott, who re-conveyed it to the defendant in 1847.
The defendant having held possession of the land only seven years under the sheriff’s deed, when he conveyed to Elliott, acquired no title by possession, under color of that deed: and Elliott acquired no title by his possession, before he re-conveyed to the defendant, in consequence of the death of Isabella and the minorities of some of her distributees.
The defence to the action, then, rested on proof of the alleged deed of conveyance from Isabella to Theophilus Floyd: and on *372 proof of adverse possession by Theophilus. for ten years before his mother’s death. Proof of such adverse possession would have been sufficient to defeat the plaintiff’s recovery, even though the defendant had not proved title in himself derived from Theophilus.
But the defendant offered in evidence the sheriff’s deed : which was not admitted. The rejection of the deed is the subject of the third ground of appeal. The exclusion of it might be supported, on the ground that it was immaterial to either of the issues on which the case was to be decided. Under the deed, the defendant could acquire no title unless Theophilus had title: and if title was shewn in Theophilus, that was a sufficient defence. If Theophilus had not title, the sheriff’s deed to the defendant could only serve to define the extent of his possession. But he held possession under the deed only seven years: and having (by the verdict) established no title by adverse possession at all, evidence of the extent of his claim was wholly useless. But the deed was properly rejected, because there was no evidence of any decree against Theophilus Floyd to authorize the sale of the land by the sheriff. The entry on the docket, “ decree by default,” was no judgment. (Evans vs. Hinds, 1 McM. 490.) A decree must be entered in the minutes of the Court. (McCall vs. Boatwright, 2 Hill, 438 ; Gage vs. Santon, 2 Mill, 248.) The ent^r in the minutes of “ decree ” at the top of the column, did not shew whether it was rendered for the plaintiff or for the defendant: nor, if for the plaintiff, whether it was rendered against both the defendants. The evidence is very strong to shew that the decree could not have been rendered against Theophilus.
The defendant also excepts to the exclusion of the testimony of Hugh Floyd, to prove the contents of a deed of conveyance from Isabella to Theophilus Floyd, alleged to be lost.
It is quite clear that unless proof is adduced of the loss or destruction, satisfactory to the Court, secondary evidence of the contents of a deed cannot be submitted to the jury. No uniform rule can define the requisite evidence in all cases to establish the *373 loss. This must depend on the circumstances of each case. When there is no motive nor interest to suppress the original, and when there is no danger of fraud, less diligence in the search and inquiry for the deed is demanded, than in cases of a contrary character. Ordinary diligence is sufficient for the introduction of an office copy of a recorded deed. The record aifords assurance both of the formal execution of the deed and of its contents ; and there can be no motive to suppress the original. But when it is proposed, solely by the testimony of witnesses, to prove the execution of a deed and its contents, the danger of mistake from ignorance, bias and forgetfulness, even when the witnesses are honest, and the temptation to perjury, which the admission of such evidence offers, require that the conditions on which it may be received should be strictly enforced. The rule stated in 1 Phil. Ev. 258, and abundantly supported by authority, is, that whenever the writing in question is traced to a particular individual, who is alive, he should be called to give some account of the instrument: and if he is dead, inquiry should be made of such persons as must be presumed to have it in their possession. This preliminary inquiry may prevent the setting up of a fictitious deed, as it may result in the discovery that no deed was ever executed. In this case, if Theophilus Floyd were alive and examined respecting the loss, he might prove that no deed was executed by his mother to him; or he could best have proved its loss and contents. Enquiry should next be made of his legal representatives, who must be presumed to have it in their possession. This was not done. The evidence of the loss or destruction of the deed cannot be satisfactory, when the persons who must be presumed to have the possession of it, have not been examined. That Theophilus Floyd resided and died in the State of Alabama, cannot dispense with the examination of his legal representatives respecting the loss of the deed, any more than it should dispense with their examination respecting any other fact necessary to the defendant’s recovery. (Little vs. Delancey, 5 Binn. 266 ; Bush vs. Hasbrouck, 12 Johns. R. 192; Bunch vs. Hurst, 3 Des. Eq. 273 ; 1 Phill. Evid. 256.)
*374 At the trial, the answer of Hugh Floyd to the question, “ Did you ever hear your mother say whose the land was ?” was excluded. The exclusion is excepted to in the several grounds of appeal, because the declarations of Isabella Floyd were relevant and material to shew the adverse possession of Theophilus. The question was not asked in connection with that issue, though it afterwards appeared that her answer might be important to maintain it. If the admission of the answer had been urged on that ground, it would not have been excluded.
The plaintiff claims under the heirs of Isabella Floyd; and her declarations, against her interest, respecting her title, or the character of her possession, or of the defendant’s possession, as adverse to her right to the land, were competent for the defendant They are to be received as admissions which would be evidence against herself, if she was the plaintiff: and equally affect the plaintiff who claims the land under a title derived from her heirs. The acknowledgment of tenancy by a party to the suit, or by the person under whom the party claims, is constantly received in evidence to shew the character of his possession. So declarations of gift are admitted to support an adverse possession in the donee and those claiming under him, against the donor and his privies in estate. The same rule applies to admissions by the owner, against his interest, respecting a disputed boundary. (1 Phill. Evid. 258 ; Sumner vs. Murphy, 2 Hill, 488; Simmons vs. Parsons, in a note to that case.)
On this ground the motion must be granted.
O’Neall, Evans, Wardlaw, Withers and Whitner, JJ. concurred.

Motion granted.