## A. H. INGRAHAM v. JOHN PLUNK.

ILLEGAL CONTRACT. *Usury.*

1. No recovery can be had upon a note usurious upon its face.

SHACKLEFORD J., delivered the opinion of the Court:

This is a suit commenced before a justice of the peace in the county of McNairy. There was judgment against the plaintiff in error from which he appealed to the Circuit Court. In that Court the judgment of the justice of the peace was affirmed, from which judgment the plaintiff in error has appealed to this Court. The note upon which judgment was rendered is as follows: $187,78, One day after date we or either of us promise to pay John Plunk, $187,78, for value received of him cash lent, gold, and to be paid in gold at ten per cent interest, July 23d, 1860. W. G. Mackey, security, A. H. Ingraham. The Court, among other things not excepted to, charge the jury, "the Court cannot preceive the destruction of the illegal stipulation for ten per cent appearing on the face of the note, it being made to appear by plea, and instructs the jury that the plaintiff has a right to recover of the defendant the principal of said note, with interest at the rate of six per cent after the maturity of the note, that being the rate allowed by the laws of Tennessee." The charge of the Court is clearly erroneous. The act of the Legislature, passed the 21st of February, 1860, allowing a conventional rate of interest, not to exceed ten per cent did not, by the terms of said act, go into effect until the 1st of September thereafter; consequently, the note sued upon, not falling within the provisions of that statute, is illegal, and the Court will not lend its active aid to enforce a contract containing on its face, and in terms an illegal stipulation:

A. H. Ingraham v. John Plunk.

Islee vs. Brunson, 6 Hump. 277. This principle was again settled in a recent case of Stetmore vs. Brian & Bradley, 3 Head, 728, in which it was held that every contract which is prohibited, and unlawful by statute, is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty on the offender, because the penalty implies a prohibition, though there may be no prohibitory words in the statute. The case before us clearly falls within the principle settled in those cases, and we are therefore constrained to reverse the judgment and dismiss the suit.

*Judgment reversed and suit dismissed.*

Islee v. Brunson, 6 Humph. 277; A contract calling for ten per cent interest made in ignorance of the repeal of the conventional interest Act of 1860, is not enforceable. Moore v. Hill, *Infra.*

But a party of weak understanding innocently entering into a usurious contract will be relieved in Equity. Thomas v. Rhodes, *Infra.*

Where a note is made payable in gold, the same will be dischargeable in U. S. Treasury notes. *Ib.*

The Tennessee cases in support and illustrative of the general doctrine that Courts will not lend their active aid in enforcing illegal contracts, or contracts against good morals and public policy or tainted with fraud, are too numerous to cite in a note. The practitioner is referred to King's Digest, sub-title, ILLEGAL CONTRACTS, 3593 *et seq.* Vol. 2; and Title GAMING, Vol. 3, 6925, *et seq.*