22856

Alma C. WIGFALL, Bernice C. Gadsden, and Cassandra C. Vickers, Respondents v. Alonzo FOBBS, Maryann Fobbs Brown, Catherine Fobbs Johnson, Harold Fobbs, Adell Fobbs, Lillie Mae Mack, Francenia Fobbs Ladson, Perci Fobbs, Mable Fobbs, Maxine Fobbs Gamble, Evelyn Fobbs Wright, James Fobbs, Jr., Alberta Fobbs, Tylee Fobbs, Viola Brown, Sterling Brown, Ruby White, also all other persons unknown claiming any right title, estate, interest in or lien upon the real property described in the complaint herein; and unknown adults being as a class designated as John Does and any unknown infants or persons under disability being as a class designated as Richard Roe, also any persons who may be in the military service of the United States of America, Appellants.

(367 S. E. (2d) 156)

Supreme Court

60

*William B. Regan,* Charleston, *for appellants.*

*Richard C. Jones,* of *Jones & Seth,* Sumter, *for respondents.*

Heard Nov. 3, 1987.

Decided April 4, 1988.

NESS, Chief Justice.

This is a direct appeal from a master-in-equity. The master found respondents, who are sisters, had title to two tracts of land and appellants (Fobbs) had failed to obtain title to the tracts by adverse possession. We affirm in part, reverse in part, and remand.

The master found respondents (Sisters) had established a chain of title to both tracts. The Fobbs allege the Sisters failed to establish title to one of the tracts, the "Lemon Mack" tract. We disagree.

The determination of title to real property is a legal issue. *May v. Jeter,* 245 S. C. 529, 141 S. E. (2d) 655 (1965); *Capell v. Moses,* 36 S. C. 559, 15 S. E. 711 (1892). Therefore, in a case tried without a jury, the factual findings of a judge regarding title will not be disturbed on appeal unless found to be without evidence which reasonably sup-

ports the judge's findings. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). This scope of review is equally applicable to the factual determinations of a master when, as in the present case, he enters final judgment. *May v. Hopkinson*, 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986).

Lemon Mack obtained the property by deed in 1883, and died intestate in 1911. The Sisters presented evidence showing through this intestacy and several other intestacies that they have title to the Lemon Mack property. Although this evidence contained discrepancies regarding the names of the ancestors, it is more than sufficient to support the master's finding that the Sisters have legal title to the Lemon Mack tract. *Townes Associates, Ltd. v. City of Greenville, supra.*

The Fobbs also allege the master committed error in finding they did not have title to both tracts by adverse possession. The Fobbs presented evidence showing that they and their ancestors had farmed and possessed both tracts for over 70 years. During this period, they paid taxes on the land, built houses, granted a right of way, and deeded portions of the land to various family members.

To establish adverse possession, the Fobbs had the burden of proving their possession of the tracts had been actual, open, notorious, hostile, continuous and exclusive for a period of ten years. *Davis v. Monteith*, 289 S. C. 176, 345 S. E. (2d) 724 (1986). The master determined the Fobbs had failed to show that their possession was hostile for two reasons.

First, the Fobbs claimed their ancestors had obtained the land through purchase or inheritance. Since their possession was based on a mistaken belief of ownership, the master concluded they lacked the intention to dispossess the true owner, and therefore, their possession was not hostile. To reach this conclusion, the master relied on cases holding the possession of land by an encroaching land owner beyond the true boundary under a mistaken belief regarding the location of the boundary is not hostile. *Brown v. Clemens*, 287 S. C. 328, 338 S. E. (2d) 338 (1985); *Lynch v. Lynch*, 236 S. C. 612, 115 S. E. (2d) 301 (1960).

Because this case does not involve a boundary dispute between adjoining landowners, the rule in *Brown* and *Lynch*

is inapplicable. Further, we decline to extend the rule to cases involving adverse possession of a tract of land.[1] Therefore, the master erred in holding the Fobbs' mistaken belief they owned the land prevents their possession from being hostile.

Second, the master found the Fobbs' ancestors had obtained possession of the tracts pursuant to a rental agreement with an ancestor of the Sisters. Therefore, he held the Fobbs' entry on the land was permissive and not hostile, and had not ripened into good title. The Fobbs contend the evidence concerning the existence of the alleged rental agreement was inadmissible hearsay and was barred by the Dead Man's Statute, S. C. Code Ann. § 19-11-20 (1985).

Respondent Gadsden (Gadsden) testified Rachel Hutchinson (Rachel), her deceased great aunt, had hold her that the Fobbs were paying taxes on the land as rent. Additionally, Respondent Wigfall testified that Rachel had told her that the Fobbs had been asked to move on the land. This testimony was inadmissible hearsay, *Player v. Thompson*, 259 S. C. 600, 193 S. E. (2d) 531 (1972), and the master committed error in failing to exclude this testimony.

Gadsden also testified that in the 1940's she was present when Macksie Fobbs (Macksie) paid Rachel the taxes due on the land as rent. Gadsden stated that on these occasions she (Gadsden) would prepare and give Macksie a receipt for the payment. The Fobbs contend the admission of this testimony violates the Dead Man's Statute. We agree.

The Dead Man's Statute acts to disqualify a witness under certain limited circumstances. The effect of the statute was summarized in *Long v. Conroy*, 246 S. C. 225, 143 S. E. (2d) 459 (1965) as follows:

[I]f a witness is either (1) a party to the action or proceeding or (2) a person having an interest which may be affected by the event of the trial, or (3) a person who has had such an interest, but which has been in any

---

[1] We granted Fobbs' petition to argue against the precedent of *Brown* and *Lynch*. Because these cases are inapplicable, it is unnecessary for us to reconsider them.

manner transferred to, or has in any manner come to, a party to the action or proceeding, or (4) an assignor of a thing in controversy in the action, he is disqualified only if the testimony of the witness is (a) in regard to any transaction or communication between the witness and a person deceased, insane or lunatic, and (b) against a party prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or an assignee or committee of such insane person or lunatic, and (c) when the present or previous interest of the witness may in any manner be affected by the testimony or by the event of the trial.

In the present case, the Fobbs are the heirs of Macksie and base their claim of adverse possession on Macksie's possession of the property. The foregoing testimony of Gadsden involves a transaction between Rachel, Gadsden, and Macksie. Because Gadsden is a party to this action and the testimony is being used against the Fobbs, Gadsden was incompetent under the Dead Man's Statute to testify regarding this transaction and the master erred in allowing this testimony.

The Fobbs also challenge certain testimony of Respondent Wigfall's husband, Richard. Richard testified that Macksie had told him that he was paying rent to Rachel and that he had seen Macksie make payments to Rachel. This testimony is not barred under the Dead Man's Statute since Richard is not a party to the action and has no interest which will be directly affected by this litigation. *Long v. Conroy, supra; Scott v. Wiggins*, 113 S. C. 88, 101 S. E. 113 (1919). Further, this testimony regards a statement by Macksie regarding his interest in the land. Since the Fobbs claim the land as heirs of Macksie, the statement was properly admitted against the Fobbs. *Floyd v. Mintsey*, 39 S.C.L. (5 Rich.) 361 (1852); *Simmons v. Parsons*, 17 S.C.L. (1 Bailey) 62 (1828).

Because the master applied an erroneous legal standard and considered incompetent evidence, we reverse in part and

remand for a redetermination of whether the Fobbs established adverse possession.

Affirmed in part; reversed in part; and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.