Alice A.G.G. PERRY, Emily Mitchell, Eliza Tremble, and Doris Green, Respondents v. HEIRS AT LAW AND DISTRIBUTEES OF Charles GADSDEN, C.H. Gadsden, C.S. Gadsden, Louise Gadsden, Cain Gadsden, John Gadsden, Lula Nelson, Louis Gadsden, Herman Gadsden, Carrie Gadsden, Estella Gadsden, Mattie Gadsden, United States Department of Agriculture, Farmers Home Administration, South Carolina Electric & Gas Co., Hazel Point Partnership, Luther Major, Martha Major, Queenie Taylor, Dolly Fripp, Beaufort-Jasper Comprehensive Health Services, Inc.; also, the following persons believed to be living: Cecil J. Gaston, Jr., a/k/a Cecil J. Gadsen, Cornelius Gaston a/k/a Cornelius Gadsen, Herman Gaston, Lisa Roacher, Linda Mason, Herbert Mason, Willis Gaston, and Louise Gaston a/k/a Louise Gadson, and all heirs at law, devisees, or persons unknown claiming by, under or through any of the above-named persons, John Doe or Mary Roe being fictitious names designating a class of persons, or a legal entity, infants, incompetents, persons in the military service, if any, known or unknown, who may be an heir, distributee, devisee, issue, alienee, administrator, executor, creditor, successor or assign, having or claiming to have any right, title, interest, estate in or lien upon the real estate in or lien upon the real estate described in the complaint herein, Defendants, Of whom Cecil J. Gaston Jr., is the Petitioner.

(449 S.E. (2d) 250)

Supreme Court

*James B. Richardson, Jr.*, of *Svalina, Richardson & Smith*, Columbia, *for petitioner.*

*Gary D. Brown*, Ridgeland, and *C. Scott Graber*, of *Graber and Baldwin*, Beaufort, *for respondent.*

Submitted July 27, 1994.

Decided Sept. 6, 1994.

*Per Curiam*:

Petitioner asks this Court for writ of certiorari to review the Court of Appeal's decision in *Perry v. Heirs at Law & Distributees of Gadsden,* ___ S.C. ___, 437 S.E. (2d) 174 (Ct. App. 1993). We grant the petition, dispense with further briefing, and affirm as modified.

■ In its opinion, the Court of Appeals found that the record does not support petitioner's claim of title under adverse possession because there was no evidence of hostile possession, citing *Lusk v. Callaham*, 287 S.C. 459, 339 S.E (2d) 156 (Ct. App. 1986). It based this on the fact that petitioner had repeatedly assured the heirs that he intended to share the property with them and their interest would be preserved and protected. This conclusion was correct as there is amlpe evidence in the record to support this finding by the Court of Appeals.

■ However, as an alternative ground, the Court of Appeals held that petitioner's adverse possession claim also failed because, according to petitioner's own testimony, he thought he owned the 74-acre tract. Under *Lusk, supra,* the Court of Appeals reasoned that a claim for adverse possession does not lie under a mistaken belief that the property is one's own and with no intent to claim against the property's true owner. This application of *Lusk* was incorrect.

In *Lusk*, which involved a boundary line dispute, the Court

of Appeals noted that in South Carolina, unlike in most jurisdictions, possession under a mistaken belief that property is one's own and with no intent to claim against the property's true owner cannot constitute hostile possession. *Citing Brown v. Clemens,* 287 S.C. 328, 338 S.E. (2d) 338 (1985). However, in *Wigfall v. Fobbs,* 295 S.C. 59, 367 S.E. (2d) 156 (1988), this Court held that this rule is applicable only to cases involving boundary disputes between adjoining landowners. Here, this case involves a dispute over an entire tract of land; therefore, the mistaken belief rule set forth in *Lusk* is inapplicable.

Accordingly, we affirm on the ground that there is no evidence of hostile possession.

Affirmed as modified.