562 S.E.2d 687

**Audra SIMMONS, Appellant,**

**Mikayla McCray, a minor by her Guardian ad Litem, Aundreia Chestnut, Respondent,**

v.

**Stephanie BELLAMY, as Personal Representative of the Estate of Joseph Kendall McCray, Defendant.**

**No. 3480.**

Court of Appeals of South Carolina.

Submitted Feb. 20, 2002.

Decided April 22, 2002.

474

Winston D. McIver, of McIver & Graham, of Conway, for appellant.

Louis M. Cook and John C. Belissary, of North Myrtle Beach, for respondent.

## PER CURIAM.

Audra Simmons appeals the circuit court's order which affirmed the probate court's determination of paternity and grant of subsequent administration. We vacate.[1]

## FACTS

Joseph K. McCray died intestate as a result of injuries sustained in an automobile accident. His estate was opened on July 9, 1997, and Stephanie Bellamy, his sister, was appointed personal representative. She brought a wrongful death action which was settled for $30,000.

At the time of his death, McCray had one acknowledged child, Dacia, whose mother is Audra Simmons, McCray's former girlfriend. Of the proceeds from the wrongful death action, $13,975 was placed in a conservatorship for Dacia. McCray's estate was closed on December 14, 1999.

On November 2, 2000, Aundreia Chestnut petitioned the probate court to reopen McCray's estate for the purpose of declaring her daughter, Mikayla, to be the child of McCray and allowing the child to share in the proceeds of the wrongful death settlement.

The probate court granted Chestnut's request to reopen the estate, ruled that Mikayla was McCray's posthumously born child and, as a result, held that the proceeds of the wrongful death action should be split equally between Dacia and Mikayla. Simmons appealed to the circuit court, which affirmed the probate court's ruling in its entirety.

## STANDARD OF REVIEW

A claim for money due from an estate is an action at law. *McInnis v. Estate of McInnis*, Op. No. 3439 (S.C.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Ct.App. filed Jan. 28, 2002) (Shearouse Adv. Sh. No. 2 at 74, 76). "In an action at law tried without a jury, the trial judge's factual findings will not be disturbed on appeal unless wholly unsupported by the evidence or controlled by an error of law." *Id.; Gordon v. Colonial Ins. Co.*, 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct.App.2000); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). "However, this court may correct errors of law without deference to the lower court." *McInnis* at 77; *State ex rel. Condon v. City of Columbia*, 339 S.C. 8, 13, 528 S.E.2d 408, 410 (2000).

## LAW/ANALYSIS

 The sole reason the probate court decided to reopen the estate and grant a subsequent administration pursuant to the provisions of S.C.Code Ann. § 62–3–108 (Supp.2001) was because McCray's child, Mikayla, who was born after McCray's death, was not included as a statutory heir in the initial administration of his estate. The probate court found that paternity was proved by clear and convincing evidence, justifying reopening the estate and dividing the assets appropriately.

 However, the probate court does not have subject matter jurisdiction to determine the question of paternity. Section 20–7–420(7) provides the family court has exclusive jurisdiction to determine paternity. S.C.Code Ann. § 20–7–420(7) (1976 & Supp.2001).[2] While it is true that this issue was not raised in either the probate court or the circuit court and has not been relied upon by the appellant, "[l]ack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court." *Lake v. Reeder Constr. Co.*, 330 S.C. 242, 248, 498 S.E.2d 650, 653 (Ct.App.1998). Since the probate court did not have subject matter jurisdiction to decide pater-

---

**2.** The family court shall have exclusive jurisdiction ...

(7) To hear and determine actions to determine the paternity of an individual. The action may be brought in the county in which the child or the alleged father resides, or is found, or, if the father is deceased, in the county in which proceedings for probate of his estate have been or could be commenced.

nity, the finding that McCray is the father of Mikayla is a nullity.

Because the probate court lacked subject matter jurisdiction to determine paternity and the order under appeal must be vacated, we do not address the issue of whether it was error to reopen the estate.

**VACATED.**

HUFF, STILWELL, and SHULER, JJ., concur.