PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Vernon C. Ballard,       
Respondent,
 
 
 

v.

 
 
 
Alvin K. Benson, Reys Jewlers, Henry Taylor d/b/a Taylor Electric, Bobby 
 Mosley, United States of America and Joyce Equipment Company,       
Defendants,
Of Whom Alvin K. Benson is       
Appellant,
 
 
 

and

 
 
 
Reys Jewelers, Henry Taylor d/b/a Taylor Electric, Bobby Mosley, United 
 States of America and Joyce Equipment Company are       
Respondents.
 
 
 

Appeal From Anderson County
Ellis B. Drew, Jr., Circuit Court Judge

Unpublished Opinion No.  2004-UP-646
Submitted November 1, 2004  Filed December 
 21, 2004 

AFFIRMED

 
 
 
Richard E. Thompson, Jr., of Anderson, for Appellant.
Harold P. Threlkeld, of Anderson, James D. McCoy, III, of 
 the U.S. Attorneys Office and  Michael Stephen Chambers, of Greenville, for 
 Respondents.
 
 
 

PER CURIAM:  Alvin K. Benson appeals 
 the circuit courts withdrawal of an earlier order and the subsequent issuance 
 of a decree of partition.  We affirm. [1] 
FACTS
In August 1989, Best Amusement, Inc., conveyed 2.075 
 acres of property to Samuel L. McMullin and William M. Mattison.  In 1992, McMullen 
 and Mattison failed to pay taxes on the property. To settle the default, Anderson 
 County sold the easternmost acre to Vernon C. Ballard at a tax sale in October 
 1993.  Exactly one year later, following the statutory redemption period, Ballard 
 received his title.
On April 20, 1994, the federal government filed 
 a forfeiture action in the United States District Court for the District of 
 South Carolina against McMullen and Mattison for illegal drug activities.  The 
 complaint alleged McMullen and Mattison began purchasing cocaine from various 
 sources in 1984 and used money from cocaine sales to make the down payment on 
 the property. The complaint further alleged that the property should be forfeited 
 to the United States pursuant to 21 U.S.C.A. § 881(a)(6) (1999).  Anderson County 
 was notified of the action on April 21, 1994.
On September 25, 1995, a forfeiture order was entered 
 whereby McMullen and Mattison forfeited their interest in the property to the 
 United States. On November 19, 1998, the United States Marshal for the District 
 of South Carolina sold the property.  Alvin K. Benson successfully bid on the 
 property and received a deed, releasing the United States interest in the tract.  
 A few months later, on February 26, 1999, the marshal executed a corrected deed 
 which specifically excluded the one-acre tract already sold by the County to 
 Ballard.  In late 2000, Ballard petitioned the circuit court for partition of 
 the property.  Benson responded, arguing the Marshals sale conveyed title to 
 the entire property and was superior to Ballards deed received from the county 
 tax sale.
The circuit court initially found for Benson.  
 Ballard, however, filed a motion to alter or amend the order pursuant to Rule 
 52(b), SCRCP.  In support of his motion, Ballard submitted an affidavit from 
 Nancy Prince Mackey, Aiken County Treasurer, dated January 28, 2003. 
 [2]   Mackey asserted she conferred with the U.S. Attorney handling the 
 forfeiture and both agreed the United States interest in the property was subject 
 to Ballards deed.  After reviewing the affidavit, the circuit court withdrew 
 its earlier order. 
In its final order, the circuit court recognized 
 Ballards one-acre interest in the property.  After determining the property 
 could not be practically divided or partitioned, the court ordered it be appraised 
 and sold, with proceeds distributed between Benson and Ballard according to 
 their respective interests. This appeal followed.
STANDARD OF REVIEW
The determination of title to real property is 
 at law.  Wigfall v. Fobbs, 295 S.C. 59, 60, 367 S.E.2d 156, 157 (1988).  
 In an action at law tried without a jury, the trial judges factual findings 
 will not be disturbed on appeal unless wholly unsupported by the evidence or 
 controlled by an error of law; however, this court may correct errors of law 
 without deference to the lower court.  Simmons v. Bellamy, 349 S.C. 473, 
 476, 562 S.E.2d 687, 688 (Ct. App. 2002).
LAW/ANALYSIS
Benson argues he gained title to the entire property, 
 including the one-acre tract the County sold to Ballard, by virtue of the 1998 
 Marshals sale.  We disagree.
The federal government secured its interest 
 in the property pursuant to 21 U.S.C.A. § 881(a)(6) (1999), which provides that 
 any property furnished by any person in exchange of controlled substances is 
 subject to forfeiture by the United States.  When property is subject to forfeiture 
 for the violation of law, title vests absolutely in the sovereign at the date 
 of the illegal act. 21 U.S.C.A. § 881(h) (1999).
Benson argues that this relation back theory applies 
 here; thus, the forfeiture relates back to 1989, when McMullen and Mattison 
 used proceeds from controlled substances to purchase the property.  The corrected 
 deed issued to Benson by the U.S. Marshal, however, added an exclusion for the 
 acre that had already been sold by the County to Ballard. This supports the 
 circuit courts finding that the United States never acquired any interest in 
 the acre claimed by Ballard.
As noted previously, Ballard submitted an affidavit 
 from Mackey, the Anderson County treasurer, with his motion to reconsider. She 
 asserted the propertys easternmost acre was sold at a tax sale to Ballard in 
 1993 and a deed was conveyed to him in 1994.  Since the sale, Ballard has paid 
 taxes on the parcel.  The remaining 1.075 acres was not sold to Benson until 
 1998.  Although there was some confusion on the U.S. Attorneys part about the 
 description of the forfeited property, the matter was clarified in a conference 
 between Mackey and the U.S. Attorney handling the forfeiture action. The U.S. 
 Attorney agreed with the Mackey that the sale of the one-acre tract predated 
 the forfeiture and was not subject to forfeiture. The affidavit also confirms 
 that Benson had no interest in the one-acre tract.  
Assuming for the sake of argument the 
 federal government did gain an interest in the entire tract by forfeiture, Ballard 
 is protected by the innocent owner defense.  Ballard was never given any notice 
 of the forfeiture action.  At the time the action took place, the federal forfeiture 
 statute contained an exception which provided that no property shall be forfeited 
 under this paragraph, to the extent of the interest of an owner, by reason of 
 any act or omission established by that owner to have been committed or omitted 
 without the knowledge or consent of that owner. 21 U.S.C.A. § 881(a)(6) (1999). 
 [3]   The South Carolina forfeiture statute contains similar language, providing 
 that the court may return any seized property to the owner if the owner shows 
 that he was not a consenting party to, or privy to, or did not have the knowledge 
 of, the use of the property which made it subject to seizure and forfeiture.  
 S.C. Code Ann. §44-53-586 (2002).  
We note the overriding purposes of civil 
 drug forfeitures are deterrence and retribution.  Forfeitures are viewed by 
 the government as a necessary tool to deter drug trafficking, and are not intended 
 to punish innocent owners.  Michael D. Dautrich, The Innocent Owner 
 Defense in Civil Drug Forfeitures after United States v. 92 Buena 
 Vista Avenue: Still an Uphill Battle for Third-party Claimants, 3 Widener 
 J. Pub. L. 995 (1994).  With this in mind, we conclude Ballard qualifies as 
 an innocent owner as he had neither knowledge of, nor consented to, the illegal 
 activity leading to the forfeiture.  Though there is no case directly on this 
 point in South Carolina, other jurisdictions have held that a bonafide purchaser 
 is entitled to protection as an innocent owner.   See United States 
 v. One Single Family Residence Located at 6960 Miraflores Ave, 731 F. Supp. 
 1563, 1568 (S.D. Fla. 1990).
Because Benson failed to prove that the entire 
 tract had been forfeited to the United States and conveyed to him, the circuit 
 courts decision is 
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] The affidavit was made part of the record without 
 objection. 

 
 
 [3] Congress struck the innocent owner defense from § 881(a)(6), which 
 became effective for any forfeiture commenced on or after 120 days from April 
 25, 2000.  See Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 
 106-185, § 21, 114 Stat. 202, 225 (2000).  However, the governments forfeiture 
 in this case predated the effective date for elimination of the innocent owner 
 defense.