THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lewis Gromyko Walker, Personal representative of the Estate of George Walker, Deceased, Plaintiff,
 v.
 Ellen W. Lindsey; Carol T. Jenkins a/k/a Carol T. Scotland; The Provident Bank; CIT Financial; and Connestee Falls Property Owner's Association, Inc., Defendants,
 Of whom Ellen W. Lindsey is the, Appellant,              
 
 and
 Carol R. Jenkins, a/k/a Carol T. Scotland, The Provident Bank, and CIT Financial are, Respondents.
 
 
 

Appeal From Anderson County
 Ellis B. Drew, Jr., Master-in-Equity
Unpublished Opinion No. 2005-UP-207
Submitted February 1, 2005  Filed March 18, 2005

AFFIRMED

 
 
 
 Charles W. Whiten, Jr., for Appellant.
 Mason A. Goldsmith, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Ellen Lindsey appeals the Master-in-Equitys decision awarding ownership of certain property to Carol Jenkins pursuant to an adverse possession claim.  We affirm.
FACTS
Plat Book 26 in the Anderson County Clerk of Courts Office[1] describes, inter alia, four adjoining residential lots, designated lots 6, 7, 8, and 9.  Carol Jenkins is the record owner of lots 8 and 9.  George Walker was the record owner of lot 7, situated, as one would imagine, between lots 6 and 8.  Ellen Lindsey was the record owner of lot 6.
In 1965, Jenkins and her husband purchased lots 8 and 9, as well as an abandoned and dilapidated structure that they believed was situated on those lots. Around December 1967, they moved into a home that Mr. Jenkins built from the remains of the preexisting structure. Unbeknownst to the Jenkins at the time it was erected, the home is actually situated entirely within the boundaries of lots 6 and 7, and not the lots they purchased. Jenkins has occupied the residence continuously since moving in.
 
After a survey revealed Jenkinss home was situated on his lot, George Walker brought suit in 2001, seeking to establish title to lot 7 and damages for Jenkinss encroachment.  Ellen Lindsey, owner of lot 6, filed a cross-complaint alleging Jenkins also encroached upon her land and should pay for diminution in the value of her property.  Jenkins answered by a letter to the court indicating she was willing to trade her lot 9 for Walkers lot 7, but that she was not willing to be relocated from the home she has lived for over twenty years.
Throughout her testimony at trial, Jenkins expressed her belief that she owned the land upon which her residence was situated.  She asserted that she believed the property was properly mortgaged and that she paid taxes on the lots.  She reiterated that the lots were hers and claimed ownership through adverse possession.
The master concluded Jenkins established all the requisite elements of adverse possession.  As to the element of hostility, the master specifically found her claim concerned the possession of both lots in their entirety and was not a mere boundary dispute.  Accordingly, he determined that even if Jenkins had a mistaken belief regarding her ownership of lot 6 and 7, she could still set forth a claim of adverse possession.  This appeal followed.[2]  
STANDARD OF REVIEW
The determination of title to real estate is legal in nature.  Wigfall v. Fobbs, 295 S.C. 59, 60, 367 S.E.2d 156, 157 (1988); Clark v. Hargrave, 323 S.C. 84, 87, 473 S.E.2d 474, 476 (Ct. App. 1996).  Likewise, an adverse possession claim is an action at law.  Miller v. Leaird, 307 S.C. 56, 61, 413 S.E.2d 841, 843 (1992).  In an action at law, the appellate courts review is limited to the correction of any error of law; it must affirm the masters factual findings unless there is no evidence that reasonably supports those findings.  Clark, 323 S.C. at 87, 473 S.E.2d at 476 (citing Jefferies v. Phillips Constr. Co., 316 S.C. 523, 451 S.E.2d 21 (Ct. App. 1994)).
LAW/ANALYSIS
Lindsey contends the master erred in finding the case was not a boundary dispute.  Lindsey argues the controversy actually amounts to a mere disagreement between adjacent landowners regarding the location of their shared property line; thus, Jenkinss mistaken belief that she owned the lots does not satisfy the requirement that her possession was hostile.  We disagree.
In South Carolina, adverse possession is established under a ten-year statutory period.  See S.C. Code Ann. § 15-67-210 (2005). To constitute adverse possession, the possession must be continuous, hostile, open, actual, notorious and exclusive for the entire ten year statutory period.  Davis v. Monteith, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) (emphasis added).  Hostile possession has been defined as possession with the intention to dispossess the owner.  Lynch v. Lynch, 236 S.C. 612, 623, 115 S.E.2d 301, 306 (1960).
In interpreting this hostility requirement, South Carolina has adopted a minority position regarding mistaken belief of ownership as a basis for adverse possession.  Lusk v. Callaham, 287 S.C. 459, 461, 339 S.E.2d 156, 158 (Ct. App. 1986).  In controversies involving a disputed boundary line between adjacent properties, our courts have held that an encroachment onto a portion of anothers land under a mistaken belief as to the location of the true boundary line does not constitute hostile possession.  See Brown v. Clemens, 287 S.C. 328, 331, 338 S.E.2d 338, 339 (1985); Lynch, 236 S.C. at 623, 115 S.E.2d 301, 306-307.  In other words, where one . . . in the possession of land up to a supposed line intends to claim only to the true line, his possession is not hostile and will not ripen into title.  Lynch, 236 S.C. at 623, 115 S.E.2d 301, 307. 
 
This minority interpretation of the hostility requirement, however, has been expressly limited to only those cases involving mere boundary disputes.  See Perry v. Heirs at Law & Distributees of Gadson, 316 S.C. 224, 226, 449 S.E.2d 250, 251 (1994); Wigfall, 295 S.C. at 61-62, 367 S.E.2d at 157; Clark, 323 S.C. at 89, 473 S.E.2d at 477-478.  The rule that a mistaken belief of ownership fails to establish the element of hostility does not apply to cases involving a dispute over an entire tract of land.  Id.  Because no other element of adverse possession is in contention, the present case hinges on the masters determination that Jenkinss claim involved both parcels in their entirety and is not a mere boundary dispute between adjacent land owners.
As found by the master, we conclude the instant case does not involve a boundary dispute or a structure that merely encroaches onto a portion of a neighboring lot.  Jenkinss home is entirely contained within lots 6 and 7. She has openly maintained the lots and utilized the entire property as if it were her own.  The evidence indicates that the portion of the lots not containing the house was cleared or had obvious landscaping that was regularly maintained by Jenkins.  Accordingly, the master properly concluded this case was not a boundary dispute, but was instead a claim to the entire tracts of land designated as lots 6 and 7.  Jenkinss mistaken belief regarding her ownership of the lots, therefore, satisfies the hostility element of adverse possession.
CONCLUSION
Because the record is replete with evidence supporting the masters conclusion that Jenkins satisfied the elements of adverse possession for the entire ten-year statutory period, the masters decision is hereby
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

[1] Page 176.
[2] George Walker passed away in early 2003, and his estate then pursued his claim.  Because the estate has not filed an appeal, Jenkins has obtained possession of lot 7 by virtue of adverse possession.  Lindsey brings this appeal solely in regard to whether Jenkins has properly obtained possession of lot 6.