**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carol Jenkins Jackson and Judy Sharon Jenkins Watkins,
Appellants,

v.

Michael F. Rivers, R.M. Lapp, Trustee for the St. Helena Asset Trust, Heirs of Harrison Rivers, Heirs of Ophelia Rivers, Heirs of Harold W. Rivers, Heirs of Rachael Chisholm, Heirs of Florence C. Parker, Heirs at Law of Rueben M. Chisholm, and also Vernell I. Smashum, Barbara McClarking, Beverly J. Scott, Amos Williams, Clifford Huff, Sandra Mack-Huff, a Trustee for the Margaret Loyd Sumpter Trust Dated August 30, 2002, Joseph A. Moore all of whom are believed to be adjacent landowners and are made Defendants in this action, and also all other persons unknown having or claiming to have any right, title, estate, interest in or lien upon the real property or any part thereof described in the complaint herein, as John Doe and Mary Roe, including all persons who may be deceased, minors, in the military service of the United States with the naming of Title 50 United States Code, referred to as the Service Members Civil Relief Act, as amended, persons on Compos Mentis and any other disability, Defendants,

Of whom Michael F. Rivers is the Respondent.

Appellate Case No. 2023-001278

———————————

Appeal From Beaufort County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2026-UP-130
Submitted February 3, 2026 – Filed March 18, 2026

**AFFIRMED IN PART AND REMANDED IN PART**

R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Ofc.,
of Ridgeland, for Appellants.

Harold Fred Kuhn, Jr., of Kuhn Law Firm LLC, of
Beaufort, for Respondent.

**PER CURIAM:**  Carol Jenkins Jackson and Judy Sharon Jenkins Watkins (Appellants) appeal the circuit court's order finding Michael F. Rivers holds fee simple absolute title in two pieces of disputed real property (the Disputed Property).  Appellants argue the circuit court erred because (1) the evidence does not support the circuit court's finding that Rivers and his predecessors owned the Disputed Property since 1933 and (2) it failed to make any findings of fact or conclusions of law as to Appellants' ownership of the remaining property against any other parties.  We affirm in part and remand in part pursuant to Rule 220(b), SCACR.

1.  We hold evidence supports the circuit court's findings that Harrison and Ophelia Rivers, Rivers's parents and predecessors, acquired title to the Disputed Property because they satisfied the requirements for the ten-year statute of limitations for adverse possession as well as the twenty-year period for the presumption of a grant, thereby establishing complete and proper title which transferred to any subsequent owners.  Rivers and two nearby property owners testified that Harrison and Ophelia, who acquired property from Appellants' predecessor in 1933, farmed the Disputed Property from at least 1960s until Ophelia's death in the late 1980s; furthermore, one of the nearby property owners testified she believed the farming was visible from the road.   *See Hilton Head Plantation Prop. Owners' Ass'n, Inc. v. Donald*, 375 S.C. 220, 223, 651 S.E.2d 614, 616 (Ct. App. 2007) ("Generally, an action to quiet title to land lies in equity."); *id.* ("However, when the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, the issue of title is legal."); *Wigfall v. Fobbs,* 295 S.C. 59,

60-61, 367 S.E.2d 156, 157 (1988) ("Therefore, in a case tried without a jury, the factual findings of [the court] regarding title will not be disturbed on appeal unless found to be without evidence which reasonably supports the [court]'s findings."); *Jones v. Leagan*, 384 S.C. 1, 12, 681 S.E.2d 6, 12 (Ct. App. 2009) ("For the purpose of constituting adverse possession by a person claiming title founded upon a written instrument, land shall be deemed to have been possessed and occupied when it has been 'usually cultivated or improved,' and when it has been 'protected by substantial enclosure.'" (quoting S.C. Code Ann. § 15-67-230(1)-(2) (2005))); S.C. Code Ann. § 15-67-230(3) (2005) (stating land shall also be deemed to have been possessed and occupied "[w]hen, although not enclosed, it has been used . . . for the purposes of husbandry or for the ordinary use of the occupant"); *Jones*, 384 S.C. at 15, 681 S.E.2d at 14 ("A person claiming adverse possession must have personally held the property for ten years, and tacking is allowed only between ancestor and heir."); *Getsinger v. Midlands Orthopaedic Profit Sharing Plan*, 327 S.C. 424, 430, 489 S.E.2d 223, 225-26 (Ct. App. 1997) ("In addition to the [ten]-year statute of limitation for adverse possession, South Carolina common law recognizes the [twenty]-year presumption of a grant."); *id.* at 430, 489 S.E.2d at 226 ("Under the presumption of a grant, the time of possession may be tacked not only by ancestors and heirs, but also between parties in privity in order to establish the [twenty]-year period."); *id.* ("To constitute adverse possession, which results in obtaining title to the disputed property, the possession must be continuous, hostile, open, actual, notorious, and exclusive for the requisite period."); *id.* ("The claimant's possession must be hostile to not only the true owner, but also to the rest of the world so as to indicate his exclusive ownership of the property."); *id.* ("These elements must also be present in the presumption of a grant."); *Taylor v. Heirs of William Taylor*, 419 S.C. 639, 655, 799 S.E.2d 919, 927 (Ct. App. 2017) (holding the claimants, by establishing the elements of adverse possession, "acquired complete and proper title" to the property); *Jones*, 384 S.C. at 16, 681 S.E.2d at 14 (finding a transfer of possession in 1998 from the adverse possessor to a third party did not defeat the adverse possession claim when it was litigated in 2005 because the ten-year statutory period was complete in 1997). Accordingly, we affirm as to this issue.

2.  We hold the circuit court erred when it failed to rule on Appellants' action to quiet title in the remaining portion of the real property.  Here, Appellants brought action to quiet title in 4.33 acres of real property and the circuit court only ruled that Rivers held fee simple absolute title in the Disputed Property.  Although the circuit court noted in its findings of fact that "[i]t was not disputed by any of the parties that [Appellants] own[ed] that portion of the 4.31 acres located to the north of the 'Fence Encroachment,'" such a finding of fact did not constitute a ruling on

Appellants' action to quiet title in that same real property, and Appellants are entitled to a specific ruling concerning their ownership of the remaining acreage against any other parties.  *See* S.C. Code Ann. § 15-67-10 (2005) ("Any person in possession of real property . . . may bring an action against any person who claims or who may or could claim an estate or interest therein or a lien thereon adverse to him for the purpose of determining such adverse claim and the rights of the parties, respectively.").  Accordingly, we remand this issue for a ruling by the circuit court.

**AFFIRMED IN PART AND REMANDED IN PART.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.